Opinion of the court delivered by
Judge Peck.
Stuart sued out an attachment before a justice of the peace of Madison county, returnable to the county court. The attachment recites: “that oath having been made thatH. II. and Zachariah Roberts so abscond or conceal themselves thatthe ordinary process of law cannot be served; that they are indebted” &c. but there is no affidavit or bond for the attachment found in the record. The attachment was levied on horses by the sheriff of Madison county; and on the return thereof to the county court, the plainliff filed his declaration in debt, for $197, and. *391 on the 7th day of the term had the defendants called, and they, not then appearing to replevy, judgment was entered up by default. On the succeeding day, the property being replevied, the court on motion, set aside the judgment by default, and ordered that defendants plead to the action. j,
Three pleas, commencing in bar, but concluding in abatement, were filed.
The 1st plea avers, that before and at the time of suing out the attachment, defendants were citizens of Gibson county, in the State of Tennessee; 2d plea, that they, the defendants, had neither absconded or concealed themselves, so that the ordinary process of law could not be executed upon them; 3d plea, no bond or affidavit returned, as required by law. To these pleas there was a demurrer in brief filed, which, at a succeeding term, was argued and sustained — the pleas being overruled, the court ordered a respondeas ouster, and pleas ofpayment and of infancy as to one of the defendants, were put in — an entry in brief “replication and issue” it is presumed to the plea of infancy, appears in the minutes. Upon these trial was had and verdict and judgment were rendered for the plaintiff — an' appeal was prayed and granted to the circuit court.
There the judge took up the case upon “the matters of law arising upon the record,” and he found in the record, the following entry: “and because it seems to the court that there is error in said proceedings, it is considered that the order setting aside the judgment by default in the court below, be reversed, and that the judgment by default be affirmed.” And thereupon a judgment was given against the principal debtors and their security, with 12í per centum &c.
From this judgment an appeal in error was prayed and granted to this court.
Considering the points made upon this record in the order of time as they arose, it will be for us to examine, whether the court to which the attachment was returned, committed an error in setting aside thejudgmenlbydefault, *392 and permitting the defendants,after replevying the proper- , , , , ° , . - ■ J r ty, to plead. Wc are clear in the opinion there was no error in this. By the express provision of the act of 1794, ^ ^ sec> 0^ a defen(jaiit, (had he been personally served original process, five days before the commencement of the cqurt) had until the last of the term to make defence to the action. For a stronger reason, the defendant in attachment should be allowed the privilege; for the law delights in giving to every man a day in court to make his defence. Have the law and reason of the case allowed to these defendants this right? The record being under the controul of the court, during the term — it was regular and proper in the court on the motion made, to set aside the judgment taken by default.
Next, in order, we will consider of the pleas filed.— The order of the court was, to plead to the action; should the defendants have pleaded to the writ? If it were their right to plead at any time during the term — terms should not have been imposed. Considering that it was the party’s right to plead in abatement at the first term, the court, by receiving the pleas, evince that it was not intended to restrict the form or matter of defence. But the most important point arises on these pleas and the demurrer thereto. The pleas commence in bar and conclude in abatement! How should the plaintiff have taken advantage of this defect? In 1 Chitty’s pleading 456-7, the rule is given: “where the plea in abatement improperly commences; or, concludes as a plea in bar, the plaintiff may demur either in bar or abatement; if he adopt the former, he may conclude his demurrer in bar, and on his prayer for damages the judgment will be final.” It is useless to remark to the profession, that pleas in abatement are taken with strictness, and should possess both form and substance.
But, how has the plaintiff taken advantage of the defect? We find the terms in the record, “demurrer and. joinder,” without more. This is inartificial and negligent. A recurrence to authorities will show that the plaintiff, to have made the most of his case, should have demurred in *393 form, concluding with a prayer of debt and damages.-— Thus, applying the law to a defective plea would have entitled the plaintiff to his judgment final. — 1 Chi tty 457.
We are at a loss to know whether the plaintiff intended by his demurrer (if we are to treat it as such) to consider the pleas as in bar or in abatement. This, tho’ it may seem to savor of technicality, is very important to be considered, because while the law expects great strictness in pleas in abatement, — still, to get rid of them, when received by the court, a like strictness is required of him who would take advantage of the defect.
When a plea in abatement is filed, one of three judgments must be rendered: 1st judgment that the writhe abated; or, 2d a respondeos ouster; or, 3d for damages; which of these shall be rendered in the present case? The plaintiff does not point us to any judgment proper to be rendered, on this state [of pleading, and, surely, the profession will pardon us, when we say, we cannot guess, at what was meant, or hazard what is most proper: and it is in the spirit of the kindest feeling, when we recommend, hereafter, an entire change in the course of practice in putting cases on paper. The science of good pleading should be cultivated by all who desire to excel in the profession. The design of it is to simplify and make clear the very point to be settled. It is the foundation on which every cause is tohest, and contains, within itself, the soundest logic. From the blacklettered age to the present period, the most admired of our juridical writers, have recommended to the student, a close attention to special pleading. If I may be permitted the comparison, it is, in our profession, what lines and angles are.to geometry; and either, we must call ourselves back to this main point from which we are departing, or lose sight of law as a science. And while we admonish the bar, inferior jurisdictions will find it important in cases before them, to see that issues are so taken that the proceedings may be sensible, and thereby the means of doing justice the more certainly attained.
To return to the pleas. — These being bad, we are of *394 opinion that the county court gave the best possible judgment; — it was occupying the middle of two extremes: nci-ther abating the writ of the plaintiff, or giving final judgment against the defendants, but by the judgment that the defendants should answer over. It seemed to be the only possible way left of reaching the merits.
Stoddart, for the plaintiff in error.
Read 8/ Martin, for the defendant in error.
The pleas to the action were tried in the county court, and the cause by appeal went into the circuit court.— That court erred in treating the cause before it as a writ of error — the issues ought there to have been tried, and an end of the matter, on the merits, should there have been made, where the parties rested on the plea of payment and of infancy as to one. For this error, let the judgment be reversed and the cause remanded.