## ROBERTS v. SCHLATHER & STEINMEYER. (No. 8005.)

Court of Civil Appeals of Texas. San Antonio. June 9, 1928.

Rehearing Denied July 11, 1928.

1. **Judgment ⊂⇒145(4)—Allegation in motion for new trial that default judgment was for much greater sum than defendant owed held to state meritorious defense against demurrer.**

Allegation in defendant's supplemental motion for new trial after default judgment that defendant was not indebted to plaintiff for full amount of said judgment and that judgment was in a much greater sum than he owed plaintiffs, though not specifically setting out facts that would reduce judgment, *held* sufficiently to allege meritorious defense, and court should have heard testimony instead of dismissing it on demurrer.

2. **Trial ⊂⇒18—No harsh, technical rule should be applied to deny right to fair hearing on facts.**

No harsh, technical rule should be applied to deny a party the right to a fair hearing and trial on the facts.

3. **Continuance ⊂⇒52—Continuance because of incomplete service on defendant entered on docket could be set aside only on motion and notice, and default judgment without notice could not stand.**

Order of continuance obtained because service of process on defendant was incomplete, if obtained on misrepresentation not willfully or fraudulently made, and on which order both parties relied, was judicial act when entered on docket during trial, requiring judicial act to set

it aside on proper motion and notice to adverse party, and order setting aside such continuance without notice to defendant, followed immediately by default judgment against defendant, who was before court relying on that order, could not stand.

**4. Judgment ⬿138(2)—Motion to set aside default judgment because not notified continuance was set aside held to show absence of willful negligence.**

Defendant's sworn motion to set aside default judgment alleging that he had obtained continuance because service of process on defendant had not been completed, that continuance was entered on docket, and that thereafter, without notice to him, docket entry was erased and default judgment entered though he was present in court on other business, *held* sufficient to show that defendant was guilty of no willful negligence, entitling him to set aside default where his sworn answer showed meritorious defense.

Appeal from Karnes County Court; D. O. Klingeman, Judge.

Action by Schlather & Steinmeyer against G. A. Roberts. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Thos. B. Smiley, of Karnes City, for appellant.

Paul H. Brown, of Karnes City, for appellees.

COBBS, J. This suit was filed by appellees to recover judgment against appellant on a certain promissory note for $506.05, with interest at 8 per cent. per annum, together with 10 per cent. attorney's fees. Though service was properly had, appellant filed no answer, and judgment was taken by default on the note for the amount sued for on September 2, 1927, during the August term, which term expired September 3, 1927. After the adjournment of court, on the 12th day of September, 1927, appellant filed his application to "set aside" the judgment, alleging as follows:

"On 2d day of September, A. D. 1927, plaintiffs W. C. Schlather and H. E. Steinmeyer recovered a judgment against defendant, G. A. Roberts, in the sum of $583.75, with interest thereon from September 2, 1927, until paid at 8 per cent. per annum, and the further sum of $58.37, with interest thereon from September 2, 1927, until paid, at 6 per cent. per annum together with all costs.

"Defendant, G. A. Roberts, respectfully asks that said judgment be set aside for the reason that the same was obtained by fraud which prevented him from having his day in court and deprived him and which will have the effect of depriving him of his property without due process of law and in violation of the fifth amendment to the Constitution of the United States and in violation of section 19, of article 1 of the Constitution of the state of Texas, in as much as he will be deprived of his property without due course of the law of the land.

"The said Thomas B. Smiley, attorney of record for G. A. Roberts, upon his oath deposes and says that the facts in said cause are as follows: That some time during the first part of August term, 1927, of a term of county court of Karnes county, Texas, being the term which this fraudulent judgment was obtained, the judge called the docket of said county court and before the calling of the same, I heard him say that he had a leave of absence granted him by the commissioners' court of Karnes county, Texas, to be away, but that if anybody wanted to try a case, and the case could be tried that he would try it, to my mind, this indicated that the judge did not want to try any case unless it was absolutely necessary and was trying to follow his doctor's orders to take a rest and I made up my mind to bother him as little as possible.

"On or about the day court met, which was on the 15th day of August, 1927, defendant, G. A. Roberts, came to me, and among other things told me that plaintiffs had filed suit against him and wanted me to represent him which I agreed to do. And on the sounding of the docket, I had my name noted on the docket as attorney for defendant, G. A. Roberts, and this case was one of the few cases that was not continued or passed for the term.

"The attorney for the plaintiffs had stated that he wanted a trial. I got all of the papers in the case and took them to my office, with the intention of writing an answer and filing the same. After reading the petition of plaintiffs and seeing that it was an appearance case for the August term, and my client not telling me when he was served, I looked at the process in the case and the way I read the officers' return, service lacked two or three days of being complete for the August term of court. I took all papers to the courthouse and looked at the docket, and as I read the docket there was noted on the same showing that service lacked two or three days of being complete and corresponded with the return on the citation. I took the officers' return and the docket into the office of the judge who presided in this cause and showed him both the officers' return and the notation on the docket, and I told him that service was not complete and what did Brown mean by demanding a trial at this term of court, and after looking at it, he stated it was not, and on the page where the case was docketed he wrote down, 'Continued for service.'

"Some time during the time the county judge was absent from the county during the August term of court I told Paul H. Brown, attorney for plaintiffs, the condition of the service and the decree of the presiding judge. Shortly thereafter and before the county judge had returned I was at the courthouse and had occasion to look at the docket, and to my amazement I this time read the notation as to service on the right-hand side on the docket, and the notation showed service to be complete, and I looked at the officers' return, and the way I read it this time, said return indicated that service was complete, but at this time the way I read the docket the court's order, 'Continued for service,' was still on the docket. A few days before the time of the adjournment of the county court the county judge came back to Karnes county, and a few days after court had adjourned I asked the county judge in substance what did plaintiff's lawyer say to him about his order continuing the case. The judge told me that he had given him a judgment in

the case. I at first thought that he was joking, and then he made it clear to me that he was not. I then went to the office of the county clerk and looked on the page of the docket where the case was docketed, and on the place and line where there once was, 'Continued for service,' was the following notation in substance, 'Judgment for plaintiff as per decree on file.' There was no motion in writing among the papers to set aside the order of continuance if there was any made, except the erasing of the same off of the docket by means of a rubber or some other means, and both my clients and myself in good faith believed that the case had been continued until the next term of court.

"I am informed by the presiding judge that he made the erasure of his first order continuing the case. On the date that said judgment was decreed against my client I am informed by the county clerk that I was in the office of the county judge at the very time plaintiff's lawyer, Hon. Paul H. Brown, obtained a judgment for his clients against mine—on that day I recall of being in the office of the county judge on a probate matter, and I recall the plaintiffs' lawyer was in the office when I came, and I think he was there when I left, but I never knew that this cause was taken up or was going to be taken up, and if any one said a thing to me about the case I never heard them, and my hearing is good, and my eyesight is also good. I have seen the docket since the day the court first told me he gave plaintiffs judgment, and the last time I saw the page on the docket where this case was docketed it appeared to me to be as I have last described it in this application.

"I am informed by my client, G. A. Roberts, that he does not know whether service was actually complete or not."

[1, 2] It was set out in the supplemental motion for a new trial that "he (appellant) was not indebted to plaintiff for the full sum that said judgment was obtained for, and that the judgment is in a much greater sum than he owes plaintiffs." This does not set out specifically the facts that would reduce the judgment. Still, under the circumstances in this case, it may be treated as an allegation showing a meritorious defense, and instead of being dismissed on a demurrer, the court should have heard the testimony. If special demurrer had been urged to the motion for new trial opportunity would have been given to amend. No harsh, technical rule should be applied to deny a party the right to a fair hearing and trial on the facts.

[3, 4] After much reflection we have reached the conclusion that the record discloses the fact that the appellant was guilty of no willful negligence. Still, if the order of continuance in the first instance was obtained upon a misrepresentation of facts, not willfully or fraudulently made, and both parties relied on it, it was the judicial action of the court in rendering a judgment. It required a judicial act to set aside a judgment of continuance once entered on the docket during the trial by the court, and should be set aside only upon a proper motion of which the opposite party should be advised; at least if such an order was set aside in this case and judgment followed immediately by default, when it was known that the opposite party was before the court, relying upon that order and lulled to sleep thereby, it cannot stand. The sworn motion and answer sufficiently excuses appellant from negligence in connection with all the facts, order of continuance, or in any other detail. You cannot say appellant was so in default as to permit a default against him on this motion, for he was in court with a motion to set aside the judgment, with a sworn answer showing a valid defense, as it were, and for all purposes attempting to comply with the statute which requires him to show a meritorious defense. Surely he was not in default upon this hearing.

Appellant sought to have the court make a finding of fact, which the court refused to do, but dismissed the application and entered judgment by default, and this error was properly saved by exception and by proper assignment.

By reason of certain facts set out, appellant sought to have the court disqualify itself, which the court refused to do. We refuse to pass on that question here.

For this and other reasons apparent of record, we believe justice will be done to all the parties by granting a rehearing, setting aside the judgment of the trial court, and remanding the cause for trial on its merits.

The original opinion is withdrawn and this substituted in lieu thereof.