FIDELITY-PHENIX FIRE INS. CO. v. OLIVER.—152 S. W. (2d) 254.

Middle Section. March 19, 1941.

Petition for Certiorari denied by Supreme Court, June 14, 1941.

Cochran & White, of Nashville, for plaintiff in error, Oliver.

Brandon & Brandon, of Lewisburg, for defendant in error Insurance Co.

CROWNOVER, P. J.   This is an appeal from a judgment by default, entered for $343.75, in an action on a policy insuring an automobile against fire.

H. W. Oliver, the plaintiff in this case, purchased a 1935 Ford automobile for $140 on February 20, 1939, from the M. T. S. Motor Sales Company, of Detroit, Mich., and was given a carbon copy of the bill of sale showing that the purchase price was $140.

He testified that on the same date he had repairs made upon the automobile amounting to $134.75.

On March 21, 1939, he obtained from the defendant Insurance Company a policy insuring the automobile against loss by fire in the sum of $275. In the policy it is shown that the insured represented that the cost of the automobile including equipment was $300.

The automobile was destroyed by fire on May 12, 1939.

Oliver filed claim with the Insurance Company for $275, attaching the carbon copy of the bill of sale. This copy then showed the purchase price to be $240.

The Insurance Company denied liability.

Oliver instituted suit against the Company for $275, interest and penalty.

He filed his summons and declaration on April 30, 1940. The summons was served on May 3, 1940, returnable July 15, 1940.

The July Term of the court opened on July 16, 1940. On that date Mr. H. L. Derrick, counsel for the Insurance Company, appeared in court and asked for a continuance until the next term on the ground that he was engaged in the trial of cases in the Federal Court at Nashville. The court refused to grant a continuance to the next term, but set the case for trial on July 25th and the case was continued until that date.

Whereupon Mr. Derrick stated to the court that he would not be able to represent the Company further, withdrew from the case and left the court room. He filed no pleas and nothing was said about filing pleas.

On July 18, 1940, Mr. Derrick notified the Insurance Company that he would not be able to appear at court in Lewisburg on July 25th, the date the case was set for trial, and advised it to obtain other counsel.

On Saturday, July 20, 1940, the Company retained Cochran & White, of Nashville.

On Monday, July 22, Mr. Carmack Cochran called the plaintiff's counsel, Brandon & Brandon, on the telephone, and asked if the case was set for July 25th, and was informed that it was. He explained to Mr. Brandon that he was having some difficulty getting the case ready for trial on July 25th, by reason of his recent employment, and asked if the plaintiff's counsel would agree to a further continuance, which request was refused. Thereupon Mr. M. R. Brandon stated, in the conversation of July 22nd, that he thought the plaintiff already had a default judgment against the defendant Insurance Company.

On Tuesday, July 23rd, Mr. Cochran again called Mr. Brandon, who informed him that the plaintiff had obtained a default judgment.

This default judgment was entered on July 23, 1940, and a jury was impanelled and it returned a verdict for $343.75, which included interest and penalty, for the plaintiff.

On July 25, 1940, Mr. Cochran, counsel for the Insurance Company, appeared for trial and found that the default judgment had been entered. Thereupon he filed a motion to have the same set aside and that defendant be granted a trial on the merits, on the grounds that the judgment was taken before the defendant's extended time to plead or make defense had expired, and that the defendant had a good and meritorious defense to the suit. Attached to the motion were the five pleas which he proposed to file for defendant as follows:

"First Plea. The defendant, Fidelity Phenix Insurance Company, for pleas to the declaration filed against it in this cause, says that it did not promise, undertake or agree as plaintiff has in his declaration alleged.

"Second Plea. For further plea the defendant says that it does not owe the plaintiff as he has alleged in his declaration.

"Third Plea. For further plea the defendant says: The plaintiff, the insured, concealed or misrepresented a material fact or circumstance concerning the insurance and the subject thereof when the insurance policy sued upon was procured in that he falsely represented to the agent of the insurer that the automobile insured actually cost him $300.00, when as a matter of fact it cost him only $140.00, and by such material representation of fact he procured a gross overinsurance of the automobile in question, which insurance would not have been granted but for such misrepresentation, whereby under the terms and provisions of the policy sued upon the policy is rendered void.

"Fourth Plea. For further plea the defendant says: The plaintiff, the insured, has concealed or misrepresented material facts and circumstances concerning this insurance, and the subject thereof, and has attempted a fraud touching matters relating to this insurance and the subject thereof following the loss, in that in attempting to collect under the terms of the policy the full amount of the insurance he made certain false and fraudulent representations to the defendant insurance company as to the cost of said automobile, and in particular did furnish a purported vehicle purchase paper undertaking to show the purchase of the insured automobile in the City of Detroit, Michigan, on February 20, 1939, in which statement the total cash price was given at $240.00, when as a matter of fact said statement as originally issued showed a total cash price of $140.00, but had been fraudulently altered so as to read $240.00 before being submitted to the Agent of the defendant, and by submitting it in this altered state plaintiff intended falsely and fraudulently to represent that he had paid $240.00, instead of $140.00, for the automobile involved, the purpose of such alteration and presentation being to mislead the defendant and collect from it a greater sum than any amount to which the plaintiff might be entitled to under the terms of the policy, which false and fraudulent representation was material, and under the terms of said policy avoided the same.

"Fifth plea. The defendant for further plea says that it declined to make payment in this case in good faith, after the matter in controversy had been investigated by competent counsel, who advised the defendant that under all the facts and circumstances it had a good and meritorious defense to the plaintiff's action.

"Wherefore, defendant prays judgment that plaintiff's suit be dismissed."

Also attached were three affidavits setting forth the defendant's claims for release from the default judgment and showing that it had a meritorious defense, which affidavits showed that defendant had evidence to support the pleas.

Whereupon counsel for the plaintiff, Oliver, called him to the witness chair, and he was examined and cross-examined about the automobile and the insurance.

The court overruled the motion on the ground that defendant had not shown any meritorious defense, to which the defendant excepted.

The defendant's motion for a new trial was overruled and it appealed in error to this court and has assigned errors as follows:

(1) The court erred in refusing to set aside the default judgment and grant the defendant a trial on the merits of the cause.

(2) The court erred in hearing the plaintiff's evidence on the merits on the hearing of the defendant's motion.

(3) The court erred in holding that the defendant's plea, which it offered to file, showed no meritorious defense to the plaintiff's action.

■■■ 1. We are of the opinion that the judgment below should be set aside because it was entered before the expiration of the continuance.

It is uncontroverted that a continuance was granted by the trial judge, on July 16th, to July 25th. "A continuance of the cause precludes any further order therein until the order for continuance has expired, or has been properly set aside." 17 C. J. S., Continuances 268, section 102; 13 C. J., 192, section 145; Gibson's Suits in Chancery (4th Ed.), section 522; Crouch v. Mullinix, 48 Tenn. (1 Heisk.), 478, 481; Roberts v. Schlather & Steinmeyer (Tex. Civ. App.), 8 S. W. (2d), 296; Ex parte South, etc., Alabama R. Co., 44 Ala., 654; Schock v. Berry, 70 Pa. Super., 560. And "the continuance should be set aside only on a proper motion of which the opposite party should be advised." 17 C. J. S., Continuances, p. 269, section 103; Gibson's suit in Chancery (4th Ed.), sec. 522; Roberts v. Schlather & Steinmeyer (Tex. Civ. App.), 8 S. W. (2d), 296.

[4] The plaintiff's insistence is that he was entitled to a default judgment because the defendant had not filed its plea within two days after the time allowed for the filing of the declaration. But, as hereinabove stated, it required a judicial act to set aside the judgment of continuance once entered on the docket during the trial by the

court, before default judgment could be entered. Roberts v. Schlather & Steinmeyer, supra.

■ The plaintiff contends that this question of the pending of the continuance was not raised by the defendant in its motion for a new trial, but is raised by its assignments of error in this court, and cannot be considered by this court. We think this question was sufficiently raised by the specification in the motion for a new trial that the court erred in refusing to set aside the default judgment.

■ 2. We think the court was in error in permitting the plaintiff's testimony to be introduced in answer to this motion.

In Brown v. Brown, 86 Tenn., 277, 304, 6 S. W., 869, 7 S. W., 640, 642, the court said:

"The practice of setting aside judgments by default in courts of law, upon petition or affidavit, is very common; and it does not appear that any answer has ever been allowed to such petition, or any countervailing evidence heard in any form. Bank v. Skillern, 2 Sneed, 698, 699; Jones v. Cloud, 4 Coldw., 236; [Memphis & O.] Railroad Co. v. Dowd, 9 Heisk., 179; Tucker v. James, 12 Heisk., 333-337."

■ But we think the defendant waived this error by cross-examining the plaintiff.

■ 3. The defendant's pleas and affidavits show that it has a meritorious defense to the plaintiff's action.

■ Where it is shown that defendant's attorney had withdrawn from the case, it is the duty of the court to continue the case a sufficient length of time to permit defendant to employ other counsel and to enable the new counsel to investigate the case and make defense. 13 C. J., 134, section 26; 17 C. J. S., Continuances, section 23.

■ We think this was not done in this case, and that the court abused his discretion in not setting aside the default judgment.

The Court said in Brown v. Brown, 86 Tenn., 277, 304, 6 S. W., 869, 7 S. W., 640, 642:

"The principle underlying all these particular instances is that, in obedience to the spirit of our free institutions, no man's property, estate, or rights shall be taken from him except by due process of law, and after a fair opportunity has been afforded him to be heard; of which opportunity he can not be deprived, save by his own fault or negligence, or by the efflux of such a period of time, fixed by statute, or prescription, as shall at once conserve the general welfare, and afford a fair presumption that the needful day in court has been within the power of the individual concerned. Hence, where merits clearly appear, the court will not be too exacting in the consideration of technical objections that lie between the litigant and a fair trial Burgoine v. Taylor, 25 [Eng. Rep.], 710 [per Jessel, M. R.]; Haggerty v. Walker [21 Neb. 596], 33 N. W. 244."

It results that two of the defendant's assignments of errors are sustained and the judgment of the lower court is reversed, and the

default judgment is set aside. The cause will be remanded to the Circuit Court for a trial on its merits, and it will be allowed to file its pleas. All the costs that has accrued in the lower court to date and the costs of the appeal are adjudged against Oliver and the sureties on his appeal bond for which execution may issue.

Felts and Howell, JJ., concur.