**Roy W. LOWE et ux., Appellants,**

**v.**

**CITY OF ARLINGTON, Appellee.**

**No. 17111.**

Court of Civil Appeals of Texas, Fort Worth.

April 10, 1970.

Rehearing Denied May 8, 1970.

McKool, McKool, Jones & Shoemaker, and Bill Jones, Dallas, for appellants.

Stanley E. Wilkes, Jr., City Atty., and Joel V. Roberts, Asst. City Atty., Arlington, for appellee.

## OPINION

LANGDON, Justice.

This appeal is by landowners from a judgment in an eminent domain suit. The judgment was entered pursuant to motion of City of Arlington urging the court to enter an order dismissing the defendants' objections to the award of the special Commissioners and to render a judgment causing the said award to be made the judgment of the court because the appeal from such award had been abandoned.

The landowners assert that the trial court erred in holding that they had reasonable notice of the hearing on the motion for judgment and in entering said judgment in violation of their rights of due process under the Constitutions of the United States and of Texas.

We reverse and remand.

The events pertinent to the issues involved in this appeal are set forth below in chronological order.

*July 15, 1969*—The motion for judgment above described was filed by the City of Arlington. On the same date the court signed an order setting the motion down for hearing at 9:00 A. M., September 12, 1969.

*August 6, 1969*—A copy of the above motion and of the court's order setting it for hearing were mailed to the attorneys of record for the landowners by the attorneys for the City of Arlington.

*September 9, 1969*—An attorney for the City, in an affidavit, stated that on this date in a telephone conversation with one of the attorneys of record for the landowners he advised that he would have no objection to a brief postponement of the

hearing set for September 12, 1969, but that he did not agree to seek a continuance of the hearing on behalf of the City of Arlington.

*September 9, 1969*—A letter bearing this date was written to Mr. Roy W. Lowe and mailed to him by one of his attorneys of record. The full content of the letter, which Mr. Lowe received, is set forth in the next two paragraphs.

"Re: No. 58,830—City of Arlington vs. Roy W. Lowe, et al

"As we advised you by letter August 18, the City of Arlington made a motion for judgment in the above case and the hearing was set for September 12, 1969. We have not been furnished any information to represent your interest in such hearing. *We have secured the agreement of the City Attorney to pass the hearing as set, and the hearing will not be held on that day.*

"I enclose herewith copy of motion we are today filing with the court asking to withdraw as attorneys of record representing you. We suggest that if you desire in any way to continue to resist this action on the part of the City that you secure other attorneys and let this be done promptly. *I have already been informed by the City Attorney that the Judge has advised he will dismiss your objection to the award of the Special Commissioners at the end of September if some action is not taken to dispose of the case by that time.* It is therefore essential that you give prompt attention to retaining other attorneys to represent you if you desire to contest the City's action." (Emphasis ours.)

*September 10, 1969*—The two attorneys of record who had represented the landowners in the proceedings up to that time filed a motion in which they requested the court to permit them to withdraw as the attorneys for the landowners.

*September 10, 1969*—On this same date the judge of the County Court at Law, in acting upon the above motion, signed an order permitting the attorneys to withdraw.

*September 11, 1969*—On the day following its action in permitting the attorneys for the landowners to withdraw from the case the court instructed an attorney for the appellee and its land agent to contact the appellants and to advise them that the hearing had not been continued and would be held on September 12, 1969, at 9:00 A. M.

*September 11, 1969*—At 3:45 P.M. the appellee's land agent contacted the appellants by telephone and advised them in accordance with the above instructions of the court. During this conversation the appellants insisted that the hearing had been postponed. The appellants were not personally contacted by the court, its clerk or by any other official personnel of the court concerning the above setting.

*September 12, 1969*—The attorney for appellee appeared for the hearing on its motion. The appellants did not appear nor did anyone appear for them. The judgment, reciting that the attorneys of record for the landowners had been permitted to withdraw from the case, was signed and entered by the court on this date.

*September 15, 1969*—The appellants contacted and engaged their present attorneys to represent them in connection with the hearing. In their amended motion for new trial appellants state that at this time they were without knowledge or notice that judgment against them had been entered on September 12, 1969.

*September 16, 1969*—By letter of this date the present attorneys informed the court that they had been retained to represent the appellants in this cause. A copy of such letter was mailed to the attorneys for appellee.

*September 17, 1969*—Appellee's attorney forwarded a copy of the September 12 judgment to the attorneys for the appellants.

**382**

*September 22, 1969*—Appellants' motion for new trial was filed.

*October 13, 1969*—Appellants' amended motion for new trial was filed. Attached to said motion was a copy of the letter of September 9, 1969, written to the appellants by their former attorneys of record.

*November 7, 1969*—Appellants' motion for new trial was heard.

*December 2, 1969*—The order overruling the motion for new trial was entered.

■ The appellee by its counterpoints contends that the judgment should be affirmed because (1) appellants having received reasonable notice of the hearing on its motion made no attempt to postpone it by a motion and order for continuance, and (2) the appellants have not shown that they had a meritorious defense to its motion or if given time could present a good defense to it.

These points do not apply to parties who have been denied their day in court. Here they were not accorded the opportunity to present motions or to show that they had a good defense.

Had the court refused to permit the withdrawal of appellants' attorneys of record two days before the hearing scheduled for September 12 and delayed the signing of such order and the hearing on appellee's motion until appellants could obtain additional counsel this appeal would probably present no problems.

An eminent domain suit is a highly technical and involved procedure. Many, perhaps most, of the attorneys who handle such matters are specialists in this field of law. The trial court is well informed as to the nature of such a proceeding.

At the time the trial court requested representatives of the appellee to advise the appellants that the hearing had not been continued and would be held on September 12 at 9:00 A.M., it was well aware of the fact that it had by its order of September 10 permitted the attorneys for the appellants to withdraw from the case. This was approximately a seventeen hour notice. Under the circumstances it was not adequate. It denied the appellants time in which to secure additional counsel and the latter a reasonable time in which to prepare for the hearing. 12 Tex.Jur.2d 445, § 98, and cases cited there.

■ A fundamental element of due process is adequate and reasonable notice appropriate to the nature of the hearing. Such notice involves a reasonable time for preparation.

"Every litigant is entitled to be heard in court by counsel of his own selection. This is a valuable right, and the unwarranted denial of it is fundamental error where the litigant, without negligence or default on his part, is deprived of the right and an ex parte judgment is rendered against him." 7 Tex.Jur.2d 73, § 33.

See also Metts v. Waits, 286 S.W. 923 (Austin Tex.Civ.App., 1926, no writ hist.). (The latter case was one in which counsel for appellants had withdrawn from the case immediately before court convened through no fault of appellants); Arnold v. Fort Worth & D. S. P. Ry. Co., 8 S.W.2d 298 (Amarillo Tex.Civ.App., 1928, no writ hist.); Leija v. Concha, 39 S.W.2d 948 (El Paso Tex.Civ.App., 1931, no writ hist.); and Masonic Grand Chap. of Order of East. Star v. Sweatt, 329 S.W.2d 334 (Fort Worth Tex.Civ.App., 1959, ref., n. r. e.).

In the case of Fidelity-Phenix Fire Ins. Co. v. Oliver, 25 Tenn.App. 114, 152 S.W. 2d 254 (Ct. of App. of Tenn., Middle Sec., 1941, no writ hist.), the court said:

■ "Where it is shown that defendant's attorney had withdrawn from the case, it is the duty of the court to continue the case a sufficient length of time to permit defendant to employ other counsel and to enable the new counsel to investigate the case and make defense. 13 C.J. 134, § 26; 17 C.J.S. Continuances § 23.

"We think this was not done in this case, and that the court abused his discretion in not setting aside the default judgment."

The case of Fidelity-Phenix Fire Ins. Co. v. Oliver, supra, contains a quotation taken from the opinion of the Tennessee Supreme Court in Brown v. Brown, 86 Tenn. 277, 7 S.W. 640, 642. It emphasizes that in obedience to the spirit of our free institutions no person shall be deprived of his property or denied any of his rights except by due process of law.

On the basis of the facts involved in this case and the application of the cited authorities to such facts we have concluded that the judgment of the trial court should be reversed and the case remanded to the trial court for such proceedings as may be appropriate.

Reversed and remanded.