IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 8, 2004 Session

## PHILLIP RUSSELL LEWIS, ET AL. v. JAMES HOWARD BOWEN, ET AL.

Appeal from the Circuit Court for Rutherford County
No. 41585    Don R. Ash, Judge

No. M2003-00985-COA-R3-CV- Filed December 1, 2004

The plaintiffs filed a complaint for repayment of borrowed money. The defendant, who was living in Ohio at the time, did not to respond to the complaint. The plaintiffs then filed a motion for default judgment, to which the defendant again failed to respond. After a hearing, the trial court granted the default judgment. The judgment was domesticated in Ohio, and substantial monthly garnishments were ordered from the defendant's trust funds to satisfy the judgment. More than two years after the garnishments began, and almost three years after the default judgment was rendered, the defendant took his first step to contest the plaintiffs' claim, by filing a motion for relief from judgment. The trial court denied the motion. We affirm the trial court.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM B. CAIN and FRANK G. CLEMENT, JR. JJ., joined.

Ewing Sellers, Murfreesboro, Tennessee, for the appellants, James Howard Bowen, et al.

D. Russell Thomas, Herbert M. Schaltegger, Murfreesboro, Tennessee, for the appellees, Phillip Russell Lewis, et al.

### OPINION

This case began with a complaint filed in the Circuit Court of Rutherford County on April 12, 1999. The plaintiffs, Phillip and Debbie Lewis, stated that they were the owners-operators of Roadrunner's Pawn and Collectibles in Murfreesboro. They claimed that between 1995 and 1998, their friends, defendant James Howard Bowen and his now-deceased wife, Gail Bowen, approached them numerous times for loans and cash advances, and that the plaintiffs loaned them large sums of money.

The plaintiffs further alleged that throughout the years in question, the defendants led them to believe that they possessed substantial financial assets and that, as the debts mounted, the defendants made repeated assurances that payment would be forthcoming. On the basis of those assurances of repayment, the plaintiffs continued to make further loans and were deterred from seeking legal redress for the money already owed. The plaintiffs submitted affidavits and a table of loans which documented loans in the principal amount of $129,775.

The plaintiffs contended that the defendants' conduct amounted to intentional and fraudulent misrepresentations and that they were entitled to repayment of the loans, to interest on their money at the rate of 10% per annum, and to punitive damages in the amount of $250,000.

The complaint stated "upon information and belief" that Mr. Bowen had moved from Tennessee to somewhere in or near Lancaster, Ohio, and that he received regular, routine disbursements from a professionally administered trust. The plaintiffs attempted to serve the trustee, but he refused to accept service.

The plaintiffs then served Mr. Bowen by certified mail through the Tennessee Secretary of State. *See* Tenn. Code Ann. § 20-2-215 and Tenn. R. Civ. P. 4B. The certified mail was addressed to James Howard Bowen, 1366 Sheridan Street, Apt. 72, Lancaster, Ohio. A signed return receipt indicated that the process was received on June 7, 1999, by Celeste Bowen, the defendant's eighteen year old daughter.

Mr. Bowen never answered or responded in any way to the complaint. On July 9, 1999, the plaintiffs moved the court for a default judgment under Tenn. R. Civ. P. 55.01. The motion included a certificate of service that recited that a copy had been sent by First Class U.S. Mail, postage pre-paid to Mr. Bowen at the same Ohio address as indicated above. Mr. Bowen did not respond to the motion.

The motion was heard on August 20, 1999, and an order granting the default judgment was filed on October 29, 1999. The trial court awarded the plaintiffs compensatory damages of $154,931.92 (which included the requested interest) and punitive damages of $250,000. A copy of the judgment was served in the same manner and at the same address as the motion.

In order to domesticate the judgment of the Tennessee court, the plaintiffs filed a Notice of Foreign Judgment in the Court of Common Pleas of Franklin County, Ohio, on February 3, 2000. The certificate of service on the notice recited the same address for the defendant, but again, there was no response. Mr. Bowen was the beneficiary of a trust that produced income of about $6,400 a month, and garnishment of that income pursuant to the domesticated order began in June of 2000 and continued on a monthly basis.

The first document in the record showing any recognition by Mr. Bowen of the plaintiffs' ongoing efforts to collect on their debts is the motion that started the proceedings herein. In that motion, dated September 6, 2002, Mr. Bowen asked to be relieved from the judgment of the

Rutherford County Circuit Court. By that time, over $177,000 had been garnished from the defendant's trust. The primary ground for relief stated in the motion was that the court never obtained personal jurisdiction over the defendant because his daughter's signature rather than his own was on the return receipt from the mailing of the original complaint. To accompany his motion, Mr. Bowen filed an answer to the complaint in which he claimed that he had meritorious defenses to repayment of the loans.

Further pleadings were exchanged between the parties, and Mr. Bowen's motion was heard on November 13, 2002, following which the trial court announced its decision from the bench. The court found that service was proper and that the motion had to be denied on that basis. The court further found that the defendant delayed unreasonably in filing a response to the plaintiffs' pleadings and had failed to offer an explanation for that delay. The court accordingly declined to vacate its judgment and taxed court costs against the defendant. A subsequent motion to alter or amend was denied. This appeal followed.

## I. RELIEF FROM JUDGMENT

Rule 55.02 of the Tennessee Rules of Civil Procedure provides that "for good cause shown the court may set aside a judgment by default in accordance with Rule 60.02." The latter rule allows the court, on the motion of a party and "on such terms as are just," to relieve a party from a final judgment for reasons of (1) mistake, inadvertence, surprise, or excusable neglect, (2) fraud, (3) the judgment is void, (4) satisfaction, relief or discharge, or (5) any other reason justifying relief from operation of the judgment. Rule 60.02 requires that the motion be made "within a reasonable time," but when for reasons (1) or (2), not more that one year after the judgment was entered or taken.

A party seeking relief from a default judgment must satisfy the court that he or she is entitled to relief based on one of the grounds set out in Tenn. R. Civ. P. 60.02 and also that he or she has a meritorious defense to the plaintiff's action. Tenn. R. Civ. P. 55.02; *Patterson v. Rockwell Int'l.*, 665 S.W.2d 96, 100 (Tenn. 1984); *State ex rel. Jones v. Looper*, 86 S.W.3d 189, 199 (Tenn. Ct. App. 2000). Further, the party seeking relief from a judgment has the burden of proving he or she is entitled to relief. *Looper*, 86 S.W.3d at 199-200; *Nelson v. Simpson*, 826 S.W.2d 483, 485 (Tenn. Ct. App. 1991).

The decision by a trial court to enter a default judgment or to refuse to set aside a default judgment is reviewed for abuse of discretion. *Federated Ins. Co. v. Lethcoe*, 18 S.W.3d 621, 624 (Tenn. 2000); *Patterson*, 665 S.W.2d at 100; *Looper*, 86 S.W.3d at 193; *Tennessee State Bank v. Lay*, 609 S.W.2d 525, 527 (Tenn. Ct. App. 1980). A trial court abuses its discretion only when it applies an incorrect legal standard or reaches a decision against logic or reasoning or that causes an injustice. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001). The burden of establishing abuse of discretion is on the party seeking to overturn the trial court's ruling on appeal. *Ballard v. Herzke*, 924 S.W.2d 652, 659 (Tenn. 1996).

## II. THE REQUIREMENT OF SERVICE

In his motion for relief from judgment, Mr. Bowen argued the default judgment was void based on his assertions that the trial court did not have personal jurisdiction over him at the time of the entry of the default judgment because the attempted service of the complaint was ineffective. The standard for determining whether a judgment is void is well settled: whether the court had general jurisdiction of the subject matter, whether the judgment was wholly outside the pleadings, and whether the court had jurisdiction of the parties. *Gentry v. Gentry*, 924 S.W.2d 678, 680-81 (Tenn. 1996). A judgment *in personam* rendered without personal jurisdiction over the parties is void. *Id*.; *Johnson v. McKinney,* 222 S.W.2d 879 (Tenn. 1948).

Personal jurisdiction over parties defendant is obtained by service of process in conformance with Tenn. R. Civ. P. 4. Process, or leading process, is the document, usually a summons, that brings the defendant before the court, asserts the court's jurisdiction over the case, and requires the defendant to respond. *See* Advisory Commission Comments to Rule 4. "Process" is generally defined as "the means of compelling the defendant in an action to appear in court . . . , or a means whereby a court compels compliance with its demands." BLACK'S LAW DICTIONARY 1370 (rev. 4th ed. 1968). "The primary function of [Fed R. Civ. P.] Rule 4 is to provide a mechanism for bringing notice of the commencement of any action to the defendant's attention and to provide a ritual that marks the court's assertion of jurisdiction over the lawsuit." 4 C. WRIGHT, A. MILLER, FEDERAL PRACTICE AND PROCEDURE 3d § 1063.

Proper notice is a necessary prerequisite for the exercise of personal jurisdiction over a defendant. *Dixie Savings Stores, Inc. v. Turner,* 767 S.W.2d 408, 410 (Tenn. Ct. App. 1988). The provisions of Rule 4 were designed to insure that process is served in a manner reasonably calculated to give a party defendant adequate notice of the pending judicial proceedings. *Garland v. Seaboard C.R.R.,* 658 S.W.2d 528, 530 (Tenn. 1983). Rule 4.04 deals with service upon defendants within the state. Rule 4.05 governs service of process upon defendants outside this state generally and allows service of process to be made "by any form of service authorized for service within this state pursuant to Rule 4.04."

Rule 4B applies to "Service upon the Secretary of State as Agent for Service of Process" and is available only for service upon defendants outside the territorial limits of the state. Tenn. R. Civ. P. 4B(1). This rule was added to the Rules of Civil Procedure in 1997 and is based upon the long-arm statutes that provide for service on the Secretary of State in some circumstances. Tenn. Code Ann. §§ 20-2-211 and -215. "It was added to ensure that all general provisions for service of process are included in the Tennessee Rules of Civil Procedure." Advisory Commission Comments to Rule 4B. In the case before us, the plaintiffs used Rule 4B to effectuate service on Mr. Bowen.

Under Rule 4B, the plaintiff must deliver the original and one copy of the process, duly certified, to the Tennessee Secretary of State, who then sends it by registered or certified return receipt mail to the defendant. Tenn. R. Civ. P. 4B(2). In pertinent part, the rule provides:

Acceptance of such registered or certified mail by any member of the addressee's family, over the age of sixteen (16) years and residing in the same dwelling with him, shall constitute a sufficient delivery thereof to the addressee.

Tenn. R. Civ. P. 4B(5).

The return receipt from the certified mail sent by the Secretary of State was signed by Mr. Bowen's daughter. Mr. Bowen argues that the service was defective because his daughter was not residing with him at the Sheridan Drive address at the time. Resolution of the issue therefore hinges upon a question of fact. Findings of fact by the trial court are entitled to a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. Civ. P. 13(d).

Mr. Bowen contends that he was not getting along with his daughter at the relevant time, but he acknowledges that she was in and out of his house all the time. While he claims she was living somewhere else at the time of service, he is unable to furnish an address. There is no affidavit from the daughter stating she did not reside at Mr. Bowen's home at the time she signed the receipt. The record contains an abstract from the Ohio Bureau of Motor Vehicles, which reveals that an Ohio Drivers License was issued to Celeste Bowen on July 27, 1999 (seven weeks after she signed the return receipt) with an address of 1366 Sheridan Drive, Apt. 72, Lancaster OH 43130.

The evidence does not preponderate against the trial court's implicit finding that Celeste Bowen, who was eighteen at the time, was residing in Mr. Bowen's home with him when she received and signed for the summons and complaint. Consequently, service was effective under the terms of Tenn. R. Civ. P. 4B(5).

Mr. Bowen also argues that Rule 4B, if applied to default judgments, conflicts with Rule 4.04(10), which is applicable to service on defendants outside the state through Rule 4.05. Rule 4.04(10) allows service by certified or registered return receipt mail, but also states that "[s]ervice by mail shall not be the basis for the entry of a judgment by default unless the record contains a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute." Mr. Bowen argues: this provision requires the signature of the defendant or a specified agent; no such signature was obtained herein; and this provision, being specific to default judgments, is not superceded by Rule 4B.

Mr. Bowen accurately points out that of the two statutes regarding service of process through the Secretary of State, only one contains language similar to that in Rule 4B(5), and that statute applies only to defendants who are nonresident motorists. Tenn. Code Ann. § 20-2-205(e). However, that fact does not in any way limit the language of Tenn. R. Civ. P. 4B(5). It clearly applies to service of process on the Secretary of State regardless of the type of lawsuit involved.

Pursuant to Tennessee Code Annotated § 20-2-224, as long as the exercise of personal jurisdiction over out of state defendants is authorized, "service may be made outside this state in the manner provided by the Tennessee Rules of Civil Procedure or as otherwise provided by law." Rule

4B(5) of the Tennessee Rules of Civil Procedure authorizes service of process by certified return receipt mail that is accepted by a member of the addressee's family living in the same dwelling and over the age of sixteen (16). Mr. Bowen's arguments regarding Tenn. R. Civ. P. 4.04(10) do not affect the validity of service of process under Tenn. R. Civ. P. 4B(5).

The default judgment was not void for lack of personal jurisdiction, and we affirm the trial court's refusal to set aside the judgment on that ground.

### III. OTHER GROUNDS

Relief under Rule 60.02 is considered "an exceptional remedy." *Nails v. Aetna Ins. Co.*, 834 S.W.2d 275, 294 (Tenn. 1992). The function of the rule is "to strike a proper balance between the competing principles of finality and justice." *Banks v. Dement Constr. Co., Inc.*, 817 S.W.2d 16, 18 (Tenn. 1991) (quoting *Jerkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn. 1976)). Rule 60.02 acts as an "escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules. . . ." *Banks*, 817 S.W.2d at 18 (quoting *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn. 1991)). Because of the importance of finality, the "escape valve" should not be easily opened. *Id.*

However, if any reasonable doubt exists as to whether the default judgment should be set aside, the court should grant relief. *Nelson*, 826 S.W.2d at 486; *Keck v. Nationwide Sys., Inc.*, 499 S.W.2d 266, 267 (Tenn. Ct. App. 1973). Thus, although the trial court has discretion to deny a motion to set aside a default judgment, that discretion should be exercised in favor of setting aside the judgment if there is a reasonable question as to the grounds for such relief, because of the well-settled preference for giving every person a day in court to make his or her defense. *Id.*, 499 S.W.2d at 266-67 (citing *Brown v. Brown*, 86 Tenn. 277, 7 S. W. 640 (1887); *Roberts v. Stewart*, 9 Tenn. (1 Yer.) 390 (1830); *Fidelity-Phoenix Fire Ins. Co. v. Oliver*, 25 Tenn. App. 114, 152 S.W.2d 254 (1941)).

Mr. Bowen relies on this general rule to argue the default judgment should have been set aside. He also argues that the decision whether to set aside a default judgment should be based on three generally relevant inquiries: whether the failure to respond was willful; whether the defendant has a meritorious defense; and the extent of any prejudice to the defendant if the judgment is set aside. *Tennessee Dept. of Human Services v. Barbee*, 689 S.W.2d 863 (Tenn. 1985).

While these are accurate statements, they do not replace the requirement that the party seeking relief must show entitlement to such relief based on the grounds set out in Tenn. R. Civ. P. 60.02. Only where there is a reasonable question as to the grounds does the preference for setting aside a default judgment come into play. Further, as Rule 60.02 states, a request for relief from judgment must be made in a reasonable time, and the cases applying the standard favoring the setting aside of default judgments all involve timely efforts to set aside such judgment and litigants moving expeditiously to protect their rights. As the trial court herein found, Mr. Bowen did not respond to the litigation in a reasonable time and did not explain that delay.

Mr. Bowen's claim that his failure to file a timely answer to the complaint was not willful is based upon his allegation that his daughter never told him that about the complaint. He relies in part upon an affidavit signed by his stepson, stating that Celeste Bowen told him that she never informed her father about the documents she signed for, and that "[h]er reason for not passing the documents onto him was that she was mad at him."

We note that the motion for default judgment and the default judgment itself were served on him by first class mail at the same address, in the manner prescribed by Rule 5 Tenn. R. Civ. P. for documents other than leading process. Mr. Bowen denied receiving either of those documents. "Service by mail is complete upon mailing," and proof of such mailing can be supplied by a certificate of service by a member of the bar. Tenn. R. Civ. P. 5.02 and 5.03. Proof of due mailing creates a presumption of receipt. *Warmath v. Payne,* 3 S.W.3d 487, 492 (Tenn. Ct. App. 1999); *Card v. Tennessee Civil Service Com'n,* 981 S.W.2d 665 (Tenn. Ct. App. 1998).

Mr. Bowen claims that the first time he became aware of the Lewises' suit against him was after the motion to domesticate the Tennessee judgment was filed in the Ohio court. But, he still failed to act for almost two years, and he does not offer any explanation for his delay. We must therefore consider his inaction to be willful. Additionally, as the trial court found, Mr. Bowen delayed unreasonably in seeking relief from the judgment. Consequently, his motion for relief was not made "within a reasonable time" as is required in Tenn. R. Civ. P. 60.02.

Mr. Bowen also challenges the judgment for punitive damages on procedural and substantive grounds. He argues that there was no proof of any action on his part of a character that would justify an award of punitive damages under *Hodges v. Toof*, 833 S.W.2d 896 (Tenn. 1992). In that case, our Supreme Court declared that punitive damages should only be available to a plaintiff who can prove by clear and convincing evidence that the defendant "has acted either (1) intentionally, (2) fraudulently, (3) maliciously, or (4) recklessly." 833 S.W.2d at 901. Mr. Bowen also argues that the trial court in this case did not follow all the procedures set out in *Hodges* for determining such awards. He particularly objects to the trial court's failure to set out findings of fact and conclusions of law in regard to its determination. *See* 833 S.W.2d at 902.

Mr. Bowen does not identify which of the Rule 60.02 grounds these objections relate to. The first two grounds enumerated in the rule are not available to Mr. Bowen because he filed his motion for relief more than one year after the judgment was rendered. He has not alleged the judgment has been satisfied or discharged. Because he does not, and cannot, argue that the court entering the judgment was without subject matter or personal jurisdiction or that the judgment was wholly outside the pleadings, he has not alleged that the judgment was void on the basis of the punitive damages award. *Gentry*, 924 S.W.2d at 680-81. Absent such a *prima facie* void decree, "a flaw in procedure" will not render a decree void. *Id.* at 681. Such an order is merely voidable or is valid.

That leaves only one potential ground for Mr. Bowen's punitive damages argument, Tenn. R. Civ. P. 60.02(5), which allows relief from a final judgment for "any other reason justifying relief from the operation of the judgment." Despite its broad language, the rule has been construed very

narrowly by the courts of this state. *Lethcoe*, 18 S.W.3d at 625; *Underwood v. Zurich Ins. Co.*, 854 S.W.2d at 94 (Tenn. 1993); *Henderson v. Kirby*, 994 S.W.2d 602 (Tenn. Ct. App. 1996); *Steioff v. Steioff*, 833 S.W.2d 94, 97 (Tenn. Ct. App. 1992). The standards of Rule 60.02(5) are more demanding than those applicable to the other grounds for relief under the rule. *MCNB Nat'l Bank of N.C. v. Thrailkill*, 856 S.W.2d 150, 154 (Tenn. Ct. App. 1993). In fact, relief under Rule 60.02(5) is only appropriate in cases involving extraordinary circumstances or extreme hardship. *Lethcoe*, 18 S.W.3d at 624 (citing *Underwood*, 854 S.W.2d at 97). "'[A]ny other reason' under Rule 60.02(5) is to be defined as a reason of 'overriding importance.'" *Banks*, 817 S.W.2d at 19. This case does not present extraordinary or exceptional circumstances, *Henderson v. Kirby*, 944 S.W.2d 602, 606 (Tenn. Ct. App. 1996), or issues of overriding importance, *Banks*, 817 S.W.2d at 19.

We affirm the trial court's denial of Mr. Bowen's motion for relief from judgment.

### IV.

The judgment of the trial court is affirmed and the case is remanded to the Circuit Court of Rutherford County. Costs on appeal are taxed to the appellant, James Howard Bowen.

_____
PATRICIA J. COTTRELL, JUDGE

-8-