IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 9, 2007

## MORRIS ALLEN RAY v. JEAN ANN RAY

**Appeal from the Circuit Court for Davidson County**
**No. 06D-2535     Muriel Robinson, Judge**

_____

**No. M2006-02257-COA-R3-CV - Filed on June 25, 2007**

_____

AND

## MORRIS ALLEN RAY v. JEAN ANN RAY

**Appeal from the Circuit Court for Davidson County**
**No.  05D-3708   Muriel Robinson, Judge**

_____

**No. M2006-02709-COA-R3-CV - Filed on June 25, 2007**

_____

Husband appeals the dismissal of his Complaints for Divorce.  In a confusing series of pleadings created by Husband, his two separate Complaints for Divorce were dismissed.  One was dismissed for failing to pay the filing fee and the other for procedural deficiencies.  We affirm the dismissal of the matter in which Husband failed to pay the requisite filing fee.  We, however, reverse the dismissal of the first Complaint for Divorce, which was dismissed for alleged procedural deficiencies, and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed in Part and Reversed in Part**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

Morris A. Ray, Nashville, Tennessee, Pro Se.

Jean Ann Ray, appellee.

**OPINION**

Morris Allen Ray, Husband, who is incarcerated in the Riverbend Maximum Security Institution[1] in Nashville, Tennessee, is seeking a divorce from his estranged wife who allegedly abandoned him in September 1974. The parties had no children. In his Complaints, Husband alleges the parties own one acre of land in Bedford County, Tennessee.

Husband filed his first Complaint for Divorce on September 2, 2005, citing irreconcilable differences as grounds for divorce.[2] On October 12, 2005, the trial court issued an Order stating that Husband had failed to file a pauper's oath, failed to file a requisite affidavit and failed to file the partial payment of his filing fee, and that failure to satisfy these requirements within twenty days would result in the dismissal of his Complaint. The trial court dismissed Husband's 2005 Complaint on November 3, 2005, for failure to comply with the requirements set forth in the October 12, 2005, Order, but on November 7, 2005, the trial court issued a subsequent Order stating that all compliance requirements had been met, the Order of dismissal was set aside, and the case was placed back on the active docket. Thus, Husband's 2005 divorce action was reinstated in November of 2005.

Thereafter, Husband filed a Petition for Writ of Habeas Corpus Ad Testificandum. On August 17, 2006, the trial court issued an Order in the 2005 divorce action stating that Husband's Petition for Writ of Habeas Corpus Ad Testificandum was denied. The August 2006 Order further provided that the court found Husband's pleadings to be defective and that the case would be dismissed in forty-five days if the proper paperwork was not filed. Husband then filed a premature Notice of Appeal on December 12, 2006.[3] Three months later, on March 19, 2007, the trial court issued a Final Order of Dismissal which referenced Husband's failure to file the paperwork required in the August 17, 2006 Order.

While the 2005 matter was pending, Husband filed a second Complaint for Divorce believing the 2005 matter had been dismissed. The second Complaint for Divorce was filed on September 5, 2006, and it was assigned a docket number different from the 2005 action. The 2006 Complaint included the requisite pauper's oath and inmate affidavit in which he referenced the 2005 action.[4]

---

[1]Husband stresses that he is not a Maximum Security Inmate but rather a Maximum Security Inmate Staff Support worker.

[2]Wife was never served because her whereabouts were unknown. Husband ran a publication titled Notice of Divorce Proceedings in the Nashville Scene newspaper to which Wife never responded.

[3]Husband's Notice Appeal read "unknown" next to the blank for "File Date of Judgment Appealed".

[4]Review of Husband's affidavit reveals his belief that the second Complaint and the Marital Dissolution Agreement, Property Settlement Agreement, Motion for Default Judgment and Final Decree, which he filed with the Complaint, were the documents which the trial court required him to file in the August 17, 2006 Order.

On September 6, 2006, the trial court issued an Order in the 2006 divorce action stating that Husband had not filed the requisite partial payment of the filing fee and that his Complaint would be dismissed if the fee was not paid in twenty days.[5] The fee was not paid. Thereafter, on October 2, 2006, the trial court dismissed the 2006 Complaint for failure to file the partial payment of the filing fee.

Husband filed a timely Notice of Appeal of the 2006 action in 2006. Although the 2005 action was the first filed, a final order of dismissal was not entered in the 2005 action until 2007. Husband filed a timely notice of appeal of the 2005 action.[6] We have consolidated the two appeals.

It is evident from the record that Husband did not realize that filing a second "Complaint for Divorce" resulted in the opening of a second file, which necessitated that he pay an additional filing fee. Although he was clearly confused, his confusion does not eliminate the requirement of the filing fee or excuse him from the consequences of not paying the fee for the 2006 action. Whether he realized it or not, Husband commenced a second civil action when he filed the Complaint on September 5, 2006, for which he never paid the requisite filing fee. Accordingly, we affirm the dismissal of the 2006 Complaint.

The dismissal of the 2005 Complaint, however, is a different matter. On November 7, 2005, the Court issued an Order in the 2005 matter stating that all requirements had been satisfied and that the case could proceed. The next document filed in the 2005 matter, which was entered on August 17, 2006, mandates without explanation that Husband's 2005 Complaint would be dismissed unless he filed the required paperwork. The August 2006 order, however, gave no indication as to what had changed since the November 2005 order or what paperwork was missing from the record that justified dismissing the action. For purposes of appeal, all we have are two orders, one entered November 7, 2005, and the other entered August 17, 2006, that are wholly contradictory and without explanation.

Based upon the conflicting orders and the circumstances of these two cases, we find it appropriate to afford Husband the opportunity to pursue the original 2005 action because the law delights in giving to every person his day in court. *See Keck v. Nationwide Systems, Inc.*, 499 S.W.2d 266, 268 (Tenn. Ct. App. 1973) (citing *Roberts v. Stewart*, 9 Tenn. 390 (1830)); *see also Fidelity-Phenix Fire Ins. Co. v. Oliver*, 152 S.W.2d 254, 258 (Tenn. Ct. App. 1941). On remand,

---

[5]Upon receipt of this Order, Husband wrote to the clerk of the court explaining that he had already paid this fee, and he attached copies of his receipts to this letter. The fee paid by Husband, however, was the fee for the 2005 Complaint and not the fee for the 2006 Complaint.

[6]Husband had actually prematurely appealed the dismissal of his 2005 action on December 12, 2006, but after the record was received by this Court, it was remanded for the trial court to enter a final order, which the trial court did in March of 2007. Thereafter, the appeal of the 2005 action was returned to this Court. Because the trial court neglected to enter a final order in the 2005 divorce action until 2007, Husband's appeal from the dismissal of the 2006 divorce action reached this court first.

if there are deficiencies in the pleadings, Husband shall promptly remedy the deficiencies or run the risk of dismissal should proper cause exist.

The judgment of the trial court is affirmed in No. 06D-2535 of the Circuit Court for Davidson County, being Court of Appeals Docket No. M2006-02257-COA-R3-CV.

The judgment of the trial court is reversed in No. 05D-3708 of the Circuit Court for Davidson County Docket, being Court of Appeals Docket No. M2006-02709-COA-R3-CV, and the matter is remanded for further proceedings consistent with this opinion.

Costs of appeal are assessed against Husband, Morris Allen Ray.

_____
FRANK G. CLEMENT, JR., JUDGE