**In re BEST REPAIR COMPANY, INCORPORATED, Debtor.**

**BULTEMA DOCK & DREDGE COMPANY, Canonie Offshore Co., Canonie, Inc., Michigan Corporation, Plaintiffs,**

**v.**

**BEST REPAIR COMPANY, INC., Defendant.**

**Bankruptcy No. 83–00996–N.**
**Adv. No. 83–0536–N.**

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

Nov. 28, 1983.

R. John Barrett, Vandeventer, Black, Meredith & Martin, Norfolk, Va., for plaintiff.

William E. Baggs, Breeden, Howard & MacMillan, Norfolk, Va., for debtor.

## A LIMITED ORDER MODIFYING STAY

HAL J. BONNEY, Jr., Bankruptcy Judge.

An opinion in which we solve all *Manville* problems for them (the *Manville* parties) and for us (in this proceeding).

### Finding of Facts

The plaintiffs, Bultema Dock & Dredge Company, Canonie Offshore Co., and Cononie, Inc. (hereinafter referred to collectively as Canonie) seek relief from the automatic stay of 11 U.S.C. 362 which became effective upon the filing of the Chapter 11 petition so that they may proceed on certain third party complaints filed in the United States District Court for the Eastern District of Virginia against the debtor, Best Repair Company, Inc. Whether it will pay is another matter.

Canonie's third party complaints against Best resulted from Lorenzo and Peggie Smith naming Canonie as defendants in two civil actions. The first, Civil Action No. 82–836–N, filed in November, 1982, seeks damages for personal injuries allegedly sustained by Mr. Smith. The second, Civil Action No. 83–418–N, filed in June, 1983, seeks damages for Mrs. Smith's loss of consortium. The accident allegedly causing Mr. and Mrs. Smith's injuries occurred as a result of the maneuvering of a barge so that a tug boat could use dock facilities leased by Bultema and sub-leased by Best.

In February, 1983, and again in August, 1983, after each of the Smiths had filed complaints against Canonie, Canonie filed corresponding third party complaints against Best, Barge 366, and B.R. Flowers, the owner of Barge 366. Canonie alleges negligence of either Best or Flowers, or both, injured the Smiths. Best answered the third party complaint in the Lorenzo Smith action on May 6, 1983, on behalf of the insurers. The Home Insurance Compa-

ny and Insurance Company of North America, insurers of Best, later denied coverage under the policies. On July 25, 1983, Best filed its Chapter 11 petition. The debtor did not answer the third party complaint filed against it in August, 1983, nor did the debtor participate in discovery. The Home Insurance Company, while not admitting coverage exists, has recently offered to provide legal defense to the third party actions against Best.

Canonie claims they will be irreparably damaged if they are not allowed to continue their third party complaints, seeking indemnity or contribution from Best, simultaneously with their defense against the Smiths in the District Court. Canonie further asserts that this Court can allow the civil actions to continue but preclude any resulting liability to Best from being enforced. Best argues that lifting the stay would threaten the debtor's estate and its reorganization and should not be allowed.

### Conclusions of Law

Indeed, we have a small *Manville* case here, but we are so equal to the task that they will wish they had filed that case here.

Claimants wish to know, as we say in bankruptcy, the liquidated, court determined (undisputed), non-contingent extent of their claims. The debtor fears the effect upon its reorganization.

*In resolving this, we must weigh the equities.*

■ If Best is justly indebted to anyone, that anyone is entitled to assert its claim. That is clearly a basic creditor right in bankruptcy. And if the amount of the claim is undetermined, not reduced to judgment, it should be so that both creditor and debtor know where the matter stands.

Just as important, Best is entitled to seek a fresh start under the bankruptcy laws. It ought not be killed if it can survive, reorganize; it ought to have a future.

Bankruptcy aside, a judgment creditor can pursue its judgment only to the extent of the debtor's free assets. It may reach these even if, with an empty shop, the

debtor cannot go on and, therefore, dies. The creditor rarely receives all it is due and double tragedy, the debtor is out of business. You can't get money out of a turnip.

Perchance, though, if the business can continue, the creditor may realize more and the debtor can at the same time save its business. That's what bankruptcy can accomplish.

In its plan, over a period of time, a debtor can provide for more than a creditor would realize in a liquidation. The amount must be fair and equitable. It must not forever shackle the debtor's future and have the business exist solely to pay the claims. There must be a future for the debtor as well.

In good faith debtor and creditor should agree upon provisions in the class of a plan. If they cannot, will not, the Court shall.

The matters in litigation shall proceed and to that extent the stay is modified. All parties, however, are strictly enjoined from enforcing any judgment(s) which may be obtained against Best Repair Company, Inc.

IT IS SO ORDERED.