**Douglas BRYANT, Plaintiff-Appellee,**

v.

**Jerry EDWARDS, Individually and d/b/a Edwards Logging Company, Defendant-Appellant.**

Supreme Court of Tennessee,
Eastern Section, at Knoxville.

March 31, 1986.

J. Gregory O'Connor, Knoxville, for defendant-appellant.

H. Wayne Graves, Johnson City (Herndon, Coleman, Brading & McKee, Johnson City, of counsel), for plaintiff-appellee.

## OPINION

BROCK, Chief Justice.

This is a worker's compensation case in which the defendant appeals from the judgment of the trial court awarding benefits for 60% permanent partial disability to the body as a whole and for certain medical expenses. The plaintiff's injuries occurred while cutting trees for the defendant in his logging business when a tree fell and struck the plaintiff causing severe injuries to his head, shoulder and ribs.

When the defendant was served with process he engaged the services of attorney Charles R. Terry of Morristown, Tennessee, who made an appearance and filed an answer on behalf of the defendant. Thereafter, the plaintiff served a notice upon the defendant's attorney, Terry, of the taking of the deposition of a physician who had treated the plaintiff's injuries but at the appointed time neither the defendant nor his attorney appeared and the deposition was taken, *ex parte*, on June 20, 1984.

On July 17, 1984, the trial court heard the worker's compensation case on the merits in a trial at which neither the defendant nor his attorney appeared. Following this *ex parte* trial the trial judge awarded benefits to the plaintiff and entered a decree in his favor on July 24, 1984.

On August 23, 1984, the defendant filed a Rule 59, T.R.C.P., motion for a new trial alleging:

"(1) That he was not notified of the trial date and, therefore, had no opportunity to appear and be heard.

"(2) That on June 4, 1984, he filed a voluntary bankruptcy petition under Chapter 11 of Title 11 of the United States Code. As such, the plaintiff's claim should be resolved under the provisions of the bankruptcy law."

Defendant's motion for a new trial is supported by his affidavit which, in pertinent part, is as follows:

"I was served with a copy of the complaint filed in the Circuit Court for Jefferson County, Tennessee, (caption omitted). After receiving this complaint I hired attorney Charles Terry of Morristown, Tennessee, to represent me and my company in this worker's compensation case. Mr. Terry accepted this employment, entered his name as my attorney and filed an answer on behalf of me and my company. Subsequent to that time, attorney Charles Terry never notified me at any time that he was withdrawing as my attorney in this worker's compensation case. I never received any notice from either the plaintiff's attorney, Mr. Terry, or the Clerk of this Court concerning depositions or the trial of this case. The first information that I received concerning any action in this case was when I received a copy of the final judgment from the Clerk of the Court."

The plaintiff filed no counter-affidavits but did file a "Response to Motion for a New Trial" which contains the following:

"1. The defendant alleges that he was not notified of the trial date and, therefore, had no opportunity to appear and to be heard. The plaintiff filed a complaint for worker's com-

pensation benefits and an answer was filed on behalf of the defendant by his counsel of record, and the cause was set for trial on July 17, 1984. Shortly thereafter the plaintiff filed notice of depositions with the defendant's counsel of record, however, neither the defendant nor his counsel of record appeared at the depositions. It was later stated informally to the plaintiff's counsel that the defendant's attorney of record was withdrawing from the case, but no formal order was filed by the defendant's attorney of record withdrawing himself from this cause."

This "Response to Motion for A New Trial" filed by the plaintiff is not sworn to.

■ The defendant's motion for a new trial was overruled and an Order was entered dated May 16, 1985, which was as follows:

## "ORDER

"This matter came to be heard on the 29th day of April, 1985, on defendant's motion for new trial. The defendant, Jerry Edwards, was present and represented by attorney J. Gregory O'Connor, in support of the motion and H. Wayne Graves represented the plaintiff in opposition thereto.

"The merits involved in the motion for a new trial were fully argued and submitted, and given consideration by the court.

"Defendant's motion for a new trial is overruled.

"Enter pursuant to Rule 58 of the Tennessee Rules of Civil Procedure.

William R. Holt, Jr. (s)
Judge"

The failure of the trial court in this Order to make any specific findings is all too obvious. Neither this Order overruling the motion for a new trial nor the final judg-

ment in the worker's compensation case recites that any notice was given to the defendant or his counsel of the trial date. In fact, there is no evidence anywhere in the record that the defendant or his attorney was notified of the date set for the trial, despite the fact that Rule 40, Tennessee Rules of Civil Procedure, provides:

"The courts shall provide by rule for the setting of cases for trial (a) without request of the parties but upon notice to the parties, or (b) upon request of a party and notice to other parties. Precedence shall be given to actions entitled thereto by any statute of the state of Tennessee."

The Committee Comment to Rule 40 states that "the provisions of this Rule are directory only." Nevertheless, it is axiomatic that all parties to litigation are entitled to receive notice of important hearings and other proceedings; due process requires it. The record before us is fatally deficient in this important respect. This being the case we conclude that the trial court erred in denying the defendant's timely motion for a new trial. *Campbell v. Archer*, Tenn., 555 S.W.2d 110 (1977); *Reinshagen v. Larezzo*, 2 Tenn.Cas. (Shannon) 139 (1976).

■ The defendant also asserts that the judgment in favor of the plaintiff in this case was voided by reason of the defendant's filing a petition in bankruptcy on June 4, 1984. We find no merit in this contention because the record shows that before this worker's compensation judgment became final the bankruptcy court entered an order as follows:

"It appearing to the court that Douglas Bryant had a worker's compensation lawsuit pending against the debtor in the Circuit Court for Jefferson County, Tennessee, at the time of the filing of the debtor's petition, and that the parties have agreed that the appropriate forum to litigate the case is the Jefferson County Circuit Court, it is, accordingly, ORDERED that the stay of 11 U.S.C. § 362 is hereby modified to permit the worker's

compensation case pending in the Jefferson County Circuit Court against the debtor to proceed to final judgment, but no further."

Giving effect to this order of the bankruptcy court, the state court was not deprived of jurisdiction in this case. *See: In Re Best Repair Company, Inc.*, 34 B.R. 664 (E.D.Va.1983); *Browning v. Navarro*, 37 B.R. 201 (D.C.1983).

The judgment of the trial court in this case is reversed and the case is remanded to that court for a new hearing on the defendant's motion for a new trial upon the ground that defendant was not given notice of the time for the trial of his case. At this hearing on remand the trial court is directed to ascertain the facts respecting whether or not the defendant received notice and will make specific findings with respect to that issue. Costs are taxed against plaintiff-appellee.

FONES, COOPER, HARBISON, JJ., and FRANKS, Special Justice, concur.