**Danny CARD, Petitioner/Appellant,**

v.

**TENNESSEE CIVIL SERVICE COMMIS-SION and the Tennessee Department of Environment and Conservation, Respondents/Appellees.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

June 19, 1998.

Permission to Appeal Denied by Supreme Court Nov. 2, 1998.

Frank J. Scanlon, Nashville, for Petitioner/Appellant.

John Knox Walkup, Attorney General and Reporter, William J. Marett, Jr., Assistant Attorney General, Nashville, for Respondents/Appellees.

### OPINION

CANTRELL, Judge.

The issue in this appeal is whether the Tennessee Civil Service Commission abused its discretion when it dismissed the appel-lant's Step V grievance because he failed to furnish the documentation required for the hearing in a timely fashion. The Chancery Court of Davidson County dismissed the petition to review the Commission's action. We affirm.

### I.

Danny Card is employed as a park ranger by the Tennessee Department of Environment and Conservation. On January 17, 1994 the Commissioner of the Department suspended Mr. Card for three days without pay for disciplinary reasons. The letter informing Mr. Card of the Commissioner's action told him that he had the right to a "Step V" hearing before the Civil Service Commission. The letter did not include any other advice about perfecting the appeal to the Commission, but it did give Mr. Card the names of individuals within the department who could assist him.

On February 24, 1994 Mr. Card requested the Step V proceeding, a contested case hearing before the Tennessee Civil Service Commission. On March 2, 1994 the Commission responded to Mr. Card by certified mail and requested the documents showing the decision from the fourth step of the grievance procedure and the notice of the intent to suspend him. The certified letter was returned with the notation "undeliverable after 3 attempts." The Commission's staff assistant mailed a copy of the letter to the same address on May 5, 1994 and it was not returned.

On October 5, 1994 Mr. Card wrote to the Commission requesting information on a date for the hearing and asserting that he had not received a response to his February 24, 1994 letter. The staff assistant responded that the file had been closed because Mr. Card had not responded to the request for documents contained in the March 2 and May 5 letters. She reactivated the file, however, and advised Mr. Card to furnish the requested documents.

After the appointment of an administrative law judge to conduct the Step V proceeding, the Department of Environment and Conservation filed a motion to dismiss. The motion

cited Mr. Card's failure to comply with Rule No. 1120–11–.05(5)(a) of the Rules of the Department of Personnel, which requires that in a Step V grievance, all relevant documentation must be filed within thirty days of the receipt of the Step IV decision. The next rule, No. 1120–11–.05(6), provides that the thirty day rule may be extended by a written agreement between the manager involved and the employee but that the agreement may not extend the period beyond six months. The ALJ filed an initial order dismissing the proceeding and the Civil Service Commission concurred.

## II.

 Mr. Card's argument before this court, as it was before the chancery court, is that the Commission's action is an unwarranted exercise of discretion, a defect in agency decisionmaking that may result in a reversal pursuant to Tenn.Code Ann. § 4–5–322(h)(4). His argument is that his failure to comply with the rules resulted from the fact that he was never informed of the necessity to do so. This argument, of course, assumes two things: that he did not receive the letter mailed by regular mail on May 5, 1994 and that someone had a duty to inform him about his obligations under the rules. For the moment we will accept the argument that he did not receive the May 5 letter, but we do not believe the Personnel Department nor the affected agency has a duty to advise employees how to pursue a Step V grievance. Nonetheless, help was available. The letter of January 17, 1994 advising Mr. Card of the Step IV results told him of the availability of assistance through the Department of Personnel's Employment Relations Division. There is no evidence that he sought any help.

Returning to the May 5 letter, we note that proof of due mailing raises a presumption that the letter was received. *U.S. Life Title Ins. Co. of New York v. Department of Commerce and Insurance*, 770 S.W.2d 537 (Tenn.App.1988). Mr. Card does not specifically address this presumption, even though the ALJ found as a fact that the letter was sent by regular mail and was not returned. Thus, we think the agency could have inferred that the letter was actually received.

All of the foregoing bears on the abuse of discretion determination. We think the Commission was justified in concluding that the failure to comply with the rules could not be excused. In other words, the Commission's decision was within the range of its acceptable alternatives. *See BIF, a Division of General Signal Controls, Inc. v. Service Construction Co., Inc.*, App. No. 87–136–II, 1988 WL 72409, filed at Nashville, July 13, 1988.

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Davidson County for any further proceedings that may become necessary. Tax the costs on appeal to the appellant.

TODD, P.J., M.S., and KOCH, J., concur.