IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
FEBRUARY 12, 2001 Session

# VESTA G. MOSLEY v. TENNESSEE WATER SERVICE AND SALES, INC.

**Appeal from the Circuit Court for Anderson County**
**No. 99LA0370    James B. Scott, Jr., Judge**

## FILED MARCH 26, 2001

### No. E2000-01713-COA-R3-CV

In this appeal from the Circuit Court of Anderson County the Defendant/Appellant, Tennessee Water Service and Sales, Inc., appeals the Circuit Court's order which denied Tennessee Water's motion for a new trial and overruled its objection to entry of a final judgment in favor of Plaintiff/Appellee, Vesta G. Mosley. It is our finding that Tennessee Water did not receive notice of the hearing which resulted in the final judgment against it and, therefore, we vacate such judgment and reverse the Circuit Court's order overruling Tennessee Water's objection to entry of the judgment and its motion for a new trial. We remand this cause for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Order of the Circuit Court Reversed; Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

James R. Moore, Knoxville, Tennessee, for the Appellant, Tennessee Water Service and Sales, Inc.

Dail R. Cantrell, Knoxville, Tennessee, for the Appellee, Vesta G. Mosley.

## OPINION

In this appeal from the Circuit Court for Anderson County the Appellant/Defendant, Tennessee Water Service and Sales, Inc.(hereinafter 'Tennessee Water'), presents the following issue which we restate:  Did the Circuit Court err in overruling Tennessee Water's objection to entry of the Court's final judgment of December 20, 1999 and in denying Tennessee Water's motion for a new trial?

This case originated in the General Sessions Court of Anderson County on March 15, 1999, when Appellee/Plaintiff, Vesta G. Mosley, caused a civil warrant to be issued alleging that Tennessee Water was guilty of fraud, misrepresentation, deceit, violation of the Tennessee Consumer

Protection Act, breach of contract, mutual mistake involving a term of contract, violation of the Fair Credit Billing Act and, in the alternative, negligence. All of these allegations were related to the installation of a water softener in Ms. Mosley's residence by Tennessee Water.

The case came on for hearing before the General Sessions Court on August 30, 1999, and on August 31, 1999, the Sessions Court entered its Opinion which awarded Ms. Mosley damages in the amount of $425.00 against Tennessee Water.

On September 10, 1999, Ms. Mosley filed an appeal bond in the General Sessions Court and on November 29, 1999, her case was tried on appeal before the Anderson County Circuit Court which found that the damage award against Tennessee Water should be increased to $7,500.00.

Although the Circuit Court's final judgment entered on December 20, 1999, pursuant to its findings on November 29, 1999, does not reflect that either party was absent from the trial on that date, James R. Moore, attorney for Tennessee Water, contends that neither he nor his client was present at the trial. On December 9, 1999, Tennessee Water filed an Objection to Entry of Final Judgment and Motion For New Trial along with Mr. Moore's affidavit which states that the first notice he received of the trial was a letter from Ms. Mosley's attorney dated December 7, 1999.

After a hearing on December 13, 1999, the Circuit Court entered an order on January 24, 2000 disallowing Tennessee Water's Objection to Entry of Final Judgment and Motion for New Trial. The order recites that the Court reached its decision upon argument of counsel, review of the record, and "specifically upon review of the Notice of Appeal[1] and trial date sent to counsel for the Defendant by the Clerk of the Anderson County Circuit Court on or about September 14, 1999." Thereafter, Tennessee Water filed a motion requesting that the Circuit Court amend or make additional findings with respect to payment of the damages awarded to Ms. Mosley. This motion was denied by orders of the Court entered on June 5, 2000 and on June 26, 2000.

On July 3, 2000, Tennessee Water filed a Notice of Appeal with respect to the final judgment entered on December 20, 1999, the order overruling the objection to entry of the final judgment and denying the motion for new trial entered on January 24, 2000, and the order entered June 5, 2000, denying the motion to amend or make additional findings.

Although in its brief Tennessee Water asserts Tenn.R.Civ.P. 60 as a basis for relief from the final judgment of the Circuit Court, in fact, Rule 60 is only appropriate when a final judgment has already been entered. At the time Tennessee Water filed its Objection to Entry of Final Judgment and Motion for New Trial on December 9, 1999, the Circuit Court had not yet entered a final judgment with respect to the trial of November 29, 1999. Accordingly, we will treat Tennessee Water's Objection to Entry of Final Judgment and Motion for New Trial as a motion for new trial under Rule 59 which applies to judgments which have not yet become final and provides relief from

---

[1] We assume the Circuit Court was referring to the appeal bond filed in the General Sessions Court.

such judgments due to mistake, inadvertence, surprise, or excusable neglect. See *Campbell V. Archer,* 555 S.W.2d 110 (Tenn. 1977).

The granting or refusal of a new trial under Rule 59 rests largely in the discretion of the trial judge. See *Seay v. City of Knoxville,* 654 S.W.2d 397 (Tenn. Ct. App. 1983). Therefore, the scope of our review in this matter is limited to whether the Circuit Court abused its discretion in denying Tennessee Water's motion for a new trial. See *Esstman v. Boyd,* 605 S.W.2d 237 (Tenn. Ct. App.1979).

The record filed for our consideration is composed of pleadings, orders and other documents filed with the Circuit Court of Anderson County. The record contains no transcript or statement of evidence or proceedings.

As stated, the Circuit Court found that notice of the trial on November 29, 1999, was sent to Tennessee Water's attorney on September 14, 1999. And, the law in this state provides that a mailing is complete upon its deposit with the United States Postal Service. See *Card v. Tennessee Civil Service Comm'n,* 981 S.W.2d 665 (Tenn. Ct. App. 1998). Nevertheless, we find that the Circuit Court erred in refusing to grant Tennessee Water a new trial under Rule 59 because it is our conclusion that Mr. Moore, and therefore Tennessee Water, did not, in fact, receive notice of the trial of November 29, 1999. Our decision is based upon the testimony of Mr. Moore in his affidavit that he did not receive notice in juxtaposition with the facts in *Vines v. Gibson*, an unpublished opinion of this court which was filed in Knoxville on February 27, 2001.

The *Vines* case was also an appeal from an order of the Circuit Court of Anderson County which denied a defendant's motion to set aside an order and grant a new trial under Rule 59. The defendant's attorney in *Vines* asserted that he had not received notice of a trial which was conducted in his absence on August 27, 1999, and which resulted in a judgment against his client. Based upon our review of the record in *Vines* it was our finding that the defendant in that case had not, in fact, received notice of the trial.

It is a basic requirement of due process that parties in litigation receive notice of hearings. See *Bryant v. Edwards,* 707 S.W.2d 868 (Tenn. 1986). In our view, that requirement was not fulfilled in this case.

In reaching our determination we have not overlooked Ms. Mosley's insistence that, as to the Circuit Court's ruling on a motion for a new trial, the findings of fact made by it are deemed to be supported by the evidence presented in the absence of a transcript of the hearing. However, in the case at bar it does not appear that any evidence was heard.[2]

---

[2]The Circuit Court's order recited "upon review of the record in this cause and specifically upon the review of the notice of appeal and the trial date sent to counsel for the Defendant by the Clerk of the Anderson County Circuit Court on or about September 14, 1999."

In conclusion , we are inclined to believe that the default judgment was not valid in that the provisions of Tenn.R.Civ.P. 55.01, relative to notice to the adverse party, were not complied with as the record does not disclose any motion for default judgment or notice to Tennessee Water. We recognize that this is an appeal from the General Sessions Court. However, because the Rules of Civil Procedure when pertinent apply to such an appeal, we know of no reason that the provisions of Rule 55.01 should not also apply. *Vinson v. Mills*, 530 S.W.2d 761 (Tenn. 1975); *Ware v. Meharry Medical College*, 898 S.W.2d 181 (Tenn. 1995).

For the foregoing reasons the judgment of the Circuit Court entered on December 20, 1999 is vacated and the order of the Circuit Court entered on January 24, 2000 is reversed. The cause is remanded for further proceedings consistent with this opinion. Exercising our discretion, we adjudge the costs of this appeal against Tennessee Water.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE