IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 9, 2008 Session

## IN RE ADOPTION OF S.A.W.

**Appeal from the Chancery Court for Stewart County**
**No. 06-12-214      Robert E. Burch, Judge**

**No. M2007-01690-COA-R3-PT - Filed March 26, 2008**

The biological father of S.A.W. appeals the termination of his parental rights. He maintains that he had no notice of the final hearing. The notice of the hearing was sent in accordance with Tenn. R. Civ. P. 5.02 to the address supplied by the biological father. Proof of due mailing creates a presumption of receipt and nothing in the record rebuts this presumption. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

Seth W. Rye, Erin, Tennessee, for the appellant, M.D.W.

Timothy K. Barnes, Clarksville, Tennessee, for the appellee, B.W. and L.W.

**OPINION**

This is an appeal from an order terminating the parental rights of the biological father of S.A.W. In 1996, S.A.W. was born. Her mother was married at the time, but not to the biological father. The petitioners brought this action on July 21, 2006, to terminate the parental rights of the mother, the legal father[1] and the biological father. They allege that the defendants, the legal father, the biological father, and the mother, failed to visit or support the child for more than two years preceding the filing of the petition. The last known address of each defendant is listed in the petition, which asks for service of the petition or, in the alternative, that publication issue. Service by certified mail was attempted on the biological father at his last known address, but it was returned unserved on September 18, 2006. A private process server obtained personal service on the biological father on October 14, 2006. A notice of the final adoption hearing was sent to the biological father's Greenbrier address on May 15, 2007, but the biological father claims not to have

---

[1] A man married to the biological mother of a child born during their marriage is a "legal parent" of the child under Tenn. Code Ann. § 36-1-102(28)(B).

received notice of the hearing until two days after the June 22 hearing. The biological father appeals and maintains that the termination order was not valid because he had no actual notice of the hearing.

The appellate court reviews the findings of fact of the trial court de novo upon the record with a presumption of correctness unless the preponderance of the evidence is otherwise. *In Re Valentine*, 79 S.W.3d 539, 546 (Tenn. 2002). Issues of law are reviewed de novo upon the record with no presumption of correctness. *Id.*

The trial court found that "[a]ll persons entitled to notice of the proceedings have been served with process, and all necessary Parties are before the Court." The record shows that notice of the June 22, 2007, final hearing was sent to the biological father by U.S. Mail, postage prepaid, on May 15, 2007. This notice, sent 38 days before the scheduled hearing date, was sent in accordance with Tenn. R. Civ. P. 5.02 by mailing it to the biological father's last known address, which he himself had supplied to the court.[2] The June 22, 2007, order terminating the biological father's parental rights and approving the adoption of S.A.W. was similarly mailed and certified.[3] "Service by mail is complete upon mailing." Tenn. R. Civ. P. 5.02. Proof of mailing may be by certificate of a member of the Bar of the Court. Tenn. R. Civ. P. 5.03. Proof of due mailing creates a presumption of receipt. *Card v. Tenn. Civil Serv. Comm'n*, 981 S.W.2d 665, 666 (Tenn. Ct. App. 1998). Credible testimony or other evidence of non-receipt could overcome the presumption of receipt. *State ex rel. Flowers v. Universal Care of Tenn.*, M2006-00929-COA-R3-CV, 2007 WL 3072776 *7 n. 14 (Tenn. Ct. App. Oct. 22, 2007). Rebuttal evidence creates an issue of fact the court must resolve. *U.S. Life Title Ins. Co. of New York v. Dept. of Commerce and Ins.*, 770 S.W.2d 537, 542 (Tenn. Ct. App. 1989). However, the biological father made no motions for a new trial or to alter or amend the judgment under Tenn. R. Civ. P. 59 based on non-receipt. He also made no Tenn. R. Civ. P. 60 motion for relief from the judgment due to non-receipt. Consequently, there is nothing in the record to rebut the presumption of receipt.

The order terminating the parental rights of the biological father and ordering the adoption of S.A.W. is affirmed. Costs of appeal are assessed against the appellant, for which execution may issue, if necessary.

_____
ANDY D. BENNETT, JUDGE

---

[2] We note that the biological father's Affidavit of Indigency, filed in the Chancery Court on August 20, 2007, lists his address in Lavergne, Tennessee. The address he supplied the Chancery Court Clerk and Master in May 2007, was in Greenbrier, Tennessee. "If a litigant proceeding pro se relocates during the course of litigation, he is encumbered with the responsibility of notifying the clerk of the court of his new address." *Reynolds v Battles*, 108 S.W.3d 249, 251 (Tenn. Ct. App. 2003).

[3] We presume it is the order of June 22, 2007, mailed on the same date according to the certificate of service, that the biological father claims to have received on June 24, 2007.