IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 8, 2009 Session

## GARY CURTIS WHITWORTH v. PATRICIA GAYLE WHITWORTH

**Direct Appeal from the General Sessions Court for Loudon County**
**No. 7968        Hon. William H. Russell, Judge**

**No. E2008-01521-COA-R3-CV  - FILED AUGUST 17, 2009**

In this divorce action, the defendant, following the entry of the Divorce Decree, filed a Motion to Set Aside the Marital Property Settlement on the grounds that she did not agree to the same, and further was denied due process because she had no notice of a hearing resulting in the Divorce Decree.  On appeal, we vacate and remand.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the General Sessions Court Vacated and Remanded..**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Jason C. Rose, Maryville, Tennessee, for appellant, Patricia Gayle Whitworth.

**OPINION**

This divorce case has a long and tortured history.  Defendant, Patricia Whitworth, appeals the Judgement of the General Sessions Court and her former husband, Gary Whitworth did not file a brief to this Court.

Gary Whitworth, filed a Complaint for a divorce against defendant on May 11, 2000.

There were no children of this short marriage, and the Complaint pled irreconcilable differences as grounds for divorce and asked for an equitable distribution of the parties' property and debts in the event the parties did not present a marital distribution agreement. On March 17, 2003, plaintiff filed a Motion for Default Judgment as defendant had not filed an answer to the Amended Complaint. On March 28, 2003, defendant filed an Answer to the Original and Amended Complaints admitting all allegations with the exception of abandonment. Ms. Whitworth admitted that "either or both of your parties may be awarded an absolute divorce on the cause of irreconcilable differences should your parties enter into a Marital Dissolution Agreement approved by the Court". A counterclaim for divorce was also filed by Ms. Whitworth also seeking a divorce. Plaintiff answered the counterclaim on April 8, 2003.

A hearing of an uncontested or agreed matter was scheduled for June 28, 2004. According to an order entered by the Court and a motion filed by the plaintiff, the parties appeared to take the depositions of the parties and the defendant's son on May 24, 2004. Present was plaintiff, defendant, counsel for both parties and a court reporter. Prior to the depositions, the parties entered into negotiations to resolve the issues remaining in the divorce and after three hours of discussion, the parties apparently resolved the disputed issues. Their agreement was announced on the record by counsel for the parties and transcribed by the court reporter. The transcript is a trial exhibit, and is set forth in this Opinion. Ailor is counsel for Mr. Whitworth and Mr. Hickman is counsel for Ms. Whitworth.

MR. HICKMAN: It's kind of a one-issue lawsuit, this house, right? Everything is else is [sic] divided?

MR. AILOR: Yeah.

MR. HICKMAN: Each pay their own debts?

MR. AILOR: Yeah.

MR. HICKMAN: All right. If I've got this right, she's going to refinance as soon as possible, but no less that 90 days. Assuming she qualifies, she will buy him out at $30,000. He will give her a quit claim deed.

MR. AILOR: Uh-huh. If she has problems at her bank and Gary can get her a loan, is she willing to let him try and assist her with that?

MR. WHITWORTH: Well, she can - - you know, you can go do that . They know you, you can go up there and geta a loan if you need to. I think Carol Jones would be better.

MR. HICKMAN: Well, I think you ought to check both on interest.

MR. AILOR: Yeah, play them off against each other. Okay.

MR. HICKMAN: The appraisal is now out of the equation.

MR. AILOR: Yeah.

MR. HICKMAN: You're just going to see who can do it the quickest, the cheapest, with the best interest rate, and keep your payment the lowest.

MS. WHITWORTH: Sounds like a plan to me.

MR. AILOR: Makes sense to me.

MR. HICKMAN: Okay.

MR. AILOR; You want to draw it up, Mike?

MR. HICKMAN: I will. He probably paid a filing fee that covers the court costs when he filed. He was the plaintiff, wasn't he?

MR. AILOR: Yeah, he was.

MR. HICKMAN: Could he absorb those?

MR. AILOR: Yeah, we'll pay the court costs.

MR. HICKMAN: And everything else is divided, they keep everything in their possession.

MR. AILOR: Yeah.

There is no indication in the transcript what the specific subject matter of the "one issue" in the divorce was, or whether the parties themselves understood the agreement and agreed to it. Although disposition of real property was apparently the subject of the agreement, the real property is not identified legally or informally in the transcript. Ms. Whitworth's "seems like a plan to me" statement indicates that she should seek financing at the lowest possible interest, but cannot be interpreted to be a consent to the overall subject of the transaction or compromise. Mr. Whitworth is not on the record as agreeing to anything.

Then counsel for the defendant prepared a Judgment of Absolute Divorce on May 26, 2004 and sent it to plaintiff's counsel. The prepared Judgment provides that the parties had

stipulated to grounds pursuant to Tenn. Code Ann. 36-4-129. The judgment also addresses two pieces of real property owned by the parties. Property in Louisville, Tennessee was awarded to defendant and divested from plaintiff. Plaintiff was to execute a quit claim deed to defendant of any interest he had in that property. Defendant was to refinance the mortgage against the property and pay plaintiff the sum of $30,000.00 as his one-half equity interest in the Louisville property from the proceeds of the refinance loan.[1] The prepared judgment also addresses real property located in Lenoir City, Tennessee. The property was to be awarded to plaintiff as his sole and exclusive property and defendant was to be divested of any interest she may have had in the property. If called upon, defendant was to execute a quitclaim deed to plaintiff. The prepared judgment was signed by counsel for plaintiff but not counsel for defendant.

At the June 28, 2004 hearing, according to the Order To Enforce Agreement, Counsel for defendant was present at Court on that date with the intent to announce the parties' agreement to the Court. However, Ms. Whitworth also attended the hearing and refused to allow her counsel to sign the proposed judgment and present it to the Court. Her counsel subsequently withdrew his representation.

On September 1, 2004, plaintiff filed a Motion to Enforce the Agreement with the Court. The Motion recited the facts as set forth herein and asked the Court for an order entering the Judgment of Absolute Divorce "as agreed to by the parties". The certificate of service with the motion indicates that Ms. Whitworth and Mr. Hickman were both mailed the motion on August 27, 2004. An order for substitution of Mr. Hickman as Ms. Whitworth's counsel was not entered until October 5, 2004.

On September 2, 2004, the Trial Court entered an order in response to plaintiff's Motion to enforce the agreement of the parties, entitled "Order to Enforce Agreement", and states that the "matter came on to be heard" but does not state the date of the hearing or who was present at the hearing. The order states the defendant's refusal to allow her counsel to sign the proposed Judgment and present it to the Court at the June 28, 2004 hearing was not proper and the Court found "that the Judgement of Absolute Divorce should be and is hereby entered as if incorporated herein verbatim *Nunc Pro Tunc* June 28, 2004."

Defendant filed a motion to set aside the Order to Enforce Agreement on September 28, 2004 pursuant to Tenn. R. Civ. P. 60. Therein, defendant stated that she was in the process of retaining new counsel at the time plaintiff filed the Motion to Enforce Agreement on August 27, 2004 and the Order to Enforce the Agreement was signed by the Trial Court without a hearing on September 2, 2004 and that neither defendant or her new counsel had an opportunity to see or respond to the Motion to Enforce Agreement before the Order was signed. Defendant urged the Court to set aside its Order as she had not had an opportunity to be heard and to afford her the opportunity to present her position to the court.

---

[1] This issue is referenced in the transcript but the property was not identified.

Plaintiff filed a Response to the motion to set aside and argued that attempts had been made during July 2004 to determine if defendant had retained a new lawyer by contacting Mr. Hickman, defendant's original lawyer. When plaintiff did not receive any information within sixty days of the June 28, 2004 hearing, plaintiff filed the Motion to Enforce Agreement on August 27, 2004 and mailed a copy of the motion to defendant and to Mr. Hickman, thus he argued that defendant and her former counsel did have an opportunity to respond but did not do so until the filing of the Motion to Set Aside filed on September 20, 2004. Plaintiff also pointed out that relief under Rule 60 is for mistake, inadvertence, excusable neglect or fraud and that defendant had not alleged any of these circumstances in the Motion to Set Aside.

On October 24, 2006, more than two years after defendant filed her Motion to Set Aside, plaintiff filed a notice that defendant's Motion to Set Aside would be heard on November 13, 2006.[2] The matter was heard on November 13, 2006 before the Trial Judge. The Trial Court issued a Memorandings [sic] of Findings as follows:

1. The parties entered into an agreement contained in the Absolute Judgment of Divorce on May 24, 2004.

2. Following the date of the agreement, counsel for defendant prepared an Absolute Judgment of Divorce and forwarded it to plaintiff's counsel for signature.

3. On June 28, 2004 the parties convened at court and decided that counsel for defendant would appear before the court and announce the agreement to the court. The defendant appeared late and refused to allow her counsel to sign the Judgment and present it to the court. Defendant's counsel withdrew his representation subsequent to June 28, 2004.

The Trial Court upon such findings denied defendant's Motion to Set Aside Plaintiff's Order to Enforce Agreement. The Trial Court then entered the Judgment of Absolute Divorce "as if incorporated herein verbatim, *nunc pro tunc*, June 28, 2004. An order reflecting same was signed on May 15, 2007, however it was not filed in the record until April 21, 2008. Ms. Whitworth appealed and the issues presented in her appeal are as follows:

A. Did the Trial Court err in denying relief to appellant under Tennessee Rules of Civil Procedure 59?

B. Did the Trial Court err when it enforced a transcribed oral agreement between the parties that was never reduced to a signed writing or announced in open court?

_____

[2]We do not condone procedural delays of this nature.

C.      Did the Trial Court err when it included in its order of absolute divorce terms that exceeded the terms of the oral agreement?

Appellant appeals the Trial Court's denial of her post-trial Motion to Set Aside Plaintiff's Order to Enforce Agreement.  The Motion was characterized as a motion brought under Tenn. R. Civ. P. 60,  however appellant, in her Statement of the Issues, states that relief was actually sought under Tenn. R. Civ. P. 59.   We review a trial court's denial of both a Rule 60 motion and a Rule 59 motion under an abuse of discretion standard. *Sandalwood Properties, LLC v. Roberts*, No. E2006-01163-COA-R3-CV,  2006 WL 3431939 at * 4 (Tenn. Ct. App. Nov. 29, 2006)(citing *Loeffler v. Kjellgren,* 884 S. W.2d 463, 468 (Tenn. Ct.App.1994))(Rule 59); *Welch v. Welch*, 195 S. W.3d 72, 74 (Tenn. Ct. App. 2005)(citing  *Spruce v. Spruce,* 2 S. W.3d 192, 194 (Tenn. Ct. App.1998))(Rule 59.02).   In *Eldridge v. Eldridge,* 42 S. W.3d 82 (Tenn.2001), the Supreme Court stated as follows regarding the abuse of discretion standard:

> Under the abuse of discretion standard, a trial court's ruling "will be upheld so long as reasonable minds can disagree as to propriety of the decision made." *State v. Scott,* 33 S. W.3d 746, 752 (Tenn.2000); *State v. Gilliland,* 22 S. W.3d 266, 273 (Tenn.2000). A trial court abuses its discretion only when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *State v. Shirley,* 6 S.W.3d 243, 247 (Tenn.1999). The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court. *Myint v. Allstate Ins. Co.,* 970 S.W.2d 920, 927 (Tenn.1998).

*Eldridge* at 85.

In this appeal, essentially the facts are undisputed and the issues presented are questions of law, which we review *de novo,* with no presumption of correctness. *Id*.; *Jackson Energy Authority v. Diamond*, 181 S. W.3d 735, 738 (Tenn. Ct. App. 2005)(citing *Caldwell v. Wood,* W2003-00303-COA-R3-CV, 2004 WL 370299 at *2 (Tenn. Ct. App. Feb.27, 2004).

Tenn. R. Civ. P. 1(1)  provides that the Rules of Civil Procedure shall not apply to general sessions courts unless the general sessions court is exercising civil jurisdiction of the circuit or chancery court.   In this divorce case the general sessions court was exercising civil jurisdiction of the circuit and chancery courts, thus the Tennessee Rules of Civil Procedure are applicable to this case.

The basis for appellant's Motion to Set Aside was that defendant and her counsel were not afforded the opportunity to see or respond to plaintiff's Motion to Enforce Agreement and that the Court entered the Judgment without a hearing, thus depriving defendant of an opportunity to be heard.

Tenn. R. Civ. Proc. 59.02 affords a party a means to seek a new trial within thirty

-6-

days after judgment has been entered and is the rule defendant should have cited. Accordingly, we will consider defendant's Motion as a Rule 59.02 motion for a new trial, as it was timely filed as a Rule 59 Motion.

This Court recently held in *Ferguson v. Brown* that a party may obtain relief under Rule 59 notwithstanding the fact that the party had erroneously relied in its motion on Rule 60.02. *Ferguson* at * 5. *See also*, *Campbell v. Archer,* 555 S.W. 2d, 110, 112 (Tenn. 1977) and *Henson v. Diehl Machs., Inc.*, 674 S.W. 2d 307, 310 (Tenn. Ct. App. 1984).

Appellant argues that she did not receive proper notice of plaintiff's Motion to Enforce and that she received no notice of the hearing on the motion. It is not clear from the record if a hearing was even held as the Court simply stated in its order of September 2, 2004 that "[t]his matter came on to be heard", but no date is designated nor does the order reference whether both of the parties were present. What is clear is that there is no evidence in the record that defendant received a notice of a hearing on plaintiff's Motion to Enforce the Agreement.

Since the defendant was not provided with notice of the hearing on defendant's Motion to Enforce Agreement, we conclude the Court's order of September 2, 2004 should be vacated based on due process considerations. It is axiomatic that due process requires that all parties to litigation receive notice of significant hearings and proceedings. *Bryant v. Edwards,* 707 S. W. 2d 868, 870 (Tenn.1986). In *Bryant,* the Tennessee Supreme Court reversed the judgment of the trial court and remanded the case for a new hearing on the defendant's motion for a new trial based on the fact that the defendant was not given notice of the date of the trial of his case. *Id*. at 871. The Court stated its holding:

> Neither . . . [the] Order overruling the motion for a new trial nor the final judgment . . . recites that any notice was given to the defendant or his counsel of the trial date. In fact, there is no evidence anywhere in the record that the defendant or his attorney was notified of the date set for the trial, despite the fact that Rule 40, Tennessee Rules of Civil Procedure, provides:
>
> > "The courts shall provide by rule for the setting of cases for trial (a) without request of the parties but upon notice to the parties, or (b) upon request of a party and notice to other parties . . . ." The Committee Comment to Rule 40 states that "the provisions of this Rule are directory only." Nevertheless, **it is axiomatic that all parties to litigation are entitled to receive notice of important hearings and other proceedings; due process requires it.** The record before us is fatally deficient in this important respect. This being the case we conclude that the trial court erred in denying the defendant's timely motion for a new trial. (Emphasis supplied).

*Bryant v. Edwards* at 870(citing *Campbell v. Archer,* Tenn., 555 S. W.2d 110 (1977); *Reinshagen v. Larezzo,* 2 Tenn.Cas. (Shannon) 139 (1976)).

This Court in *Koon v. Duke,* No. E2006-00008-COA-R3-CV*,* 2006 WL 3431928 (Tenn. Ct. App. Nov. 29, 2006) vacated the judgment of the trial court and remanded it for further proceedings based on a finding that lack of notice violated the plaintiffs' right to due process. In that case the Court said:

> "[I]t is axiomatic that all parties to litigation are entitled to receive notice of important hearings and other proceedings; due process requires it." *Bryant v. Edwards,* 707 S. W.2d 868, 870 (Tenn.1986). The United States Supreme Court has stated that a "fundamental requisite" of due process is the "opportunity to be heard." *Grannis v. Ordean,* 234 U.S. 385, 394, 34 S. Ct. 779, 783, 58 L. Ed. 1363 (1914). Such an opportunity requires "timely and adequate notice." *Goldberg v. Kelly*, 397 U.S. 254, 267, 90 S. Ct. 1011, 1020, 25 L. Ed.2d 287 (1970).

*Koon* at * 3. *See also Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306 (1949)(notice and opportunity to be heard are the minimal requirements of due process).

We conclude that the Trial Court abused its discretion when it denied defendant's Motion to Set Aside the Judgment. Ms. Whitworth did not ask for relief from the part of the Judgment granting absolute divorce but only from the part of the judgment dealing with the distribution of the marital estate. The judgment granting absolute divorce contained in the April 21, 2008 and September 2, 2004 orders is not reversed. We do vacate that part of the Judgment concerning the marital estate, and remand.

The transcripts of the statements made by Mr. Whitworth's counsel and Ms. Whitworth's former counsel on May 24, 2004 do not form the basis for a consent judgment or as an agreed marital dissolution agreement as was held in the initial Order to Enforce Agreement on September 2, 2004.

In *Ledbetter v. Ledbetter,* 163 S. W.3d 681, 682 - 683 (Tenn. 2005) the Tennessee Supreme Court held that it was improper for a court to enter a judgment based on a mediated marital dissolution agreement that was repudiated by one of the parties prior to its presentation to the court and that, because the agreement had not be reduced to writing and signed by the parties, it was not an enforceable contract. *Id.* at 682. The Ledbetters reached, through mediation, a Marital Dissolution Agreement pursuant to Tennessee Supreme Court Rule 31. The Agreement was summarized on audiotape by the mediator and was later transcribed but was not signed by the parties. After the mediation, and prior to presentation for court approval, Mr. Ledbetter repudiated the Agreement. Mrs. Ledbetter filed a motion to enforce the terms of the Agreement, and following a hearing, the Trial Court ruled that the oral agreement reached in mediation was not binding and enforceable against the parties. On appeal the Court held that the Agreement was unenforceable and the Trial Judge's refusal to enforce the Agreement was correct. *Id.* at 683-84.

Mrs. Ledbetter's repudiation of the Agreement before Judgment was entered by the Court did not permit the Court to base its Judgment on that Agreement. Assuming *arguendo* that the Agreement had been made in open court, the Judgment of the Trial Court went well beyond the terms of the Agreement. The transcript is incoherent to a large extent, and one can only discern from it that the parties agreed to a divorce and that an unidentified piece of property was to be awarded to Ms. Whitworth and that she was to provide Mr. Whitworth with $30,000.00 as his equity interest in that property. There is no reference in the agreement, however, to the second piece of property identified in the Judgment that was awarded to Mr. Whitworth. In view of the incoherency of the transcript as a whole, the specific exclusion of reference to the second piece of property in the agreement and Ms. Whitworth's repudiation of the agreement, it was error for the Trial Court to have entered the Judgment. In sum the Trial Court's denial of defendant/appellant's motion for reconsideration is vacated and the case is remanded for further consideration of the distribution of the marital estate in an equitable manner.

The cost of the appeal is assessed to Gary Curtis Whitworth.

_____
HERSCHEL PICKENS FRANKS, P.J.