IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 1, 2019

**KRISTIN MARIE MICLAUS v. ANDREI MICLAUS**

**Appeal from the Probate Court for Cumberland County**
**No. 2016-PF-5061   Larry Michael Warner, Judge**

_____

**No. E2018-02134-COA-R3-CV**

_____

Appellant appeals the trial court's denial of his Tennessee Rule of Civil Procedure 60.02 motion, which sought relief from the final decree of divorce entered against him on the ground that he did not receive notice of the trial setting.  Because Appellant did not receive proper notice, relief under Rule 60.02(1) should have been granted by the trial court.  As such, we vacate the final decree of divorce and remand the case for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court**
**Vacated and Remanded**

KENNY W. ARMSTRONG, J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, and W. NEAL MCBRAYER, JJ., joined.

Joe R. Judkins, Oak Ridge, Tennessee, for the appellant, Andrei Miclaus.

Kevin R. Bryant, Crossville, Tennessee, for the appellee, Kristin Marie Miclaus.

**OPINION**

**I.  Background**

Appellant Andrei Miclaus ("Father") and Appellee Kristin Marie Miclaus ("Mother") were married in January 2004.  Four children were born to the marriage.  On May 9, 2016, Wife filed a complaint for divorce in the Cumberland County Probate Court ("trial court").  By order of July 8, 2016, the trial court named Wife temporary primary residential parent of the children and reserved ruling on Father's parenting time until a later date.  The trial court also ordered Father to pay Mother temporary child and spousal support.  Father filed an answer to the original complaint for divorce on July 29, 2016 and filed a counter-complaint for divorce on October 20, 2017.  Mother answered

Father's counter-complaint on November 6, 2017.

On June 22, 2018, the trial court heard Mother's complaint for divorce. On July 5, 2018, the trial court entered a final decree of divorce, which granted Mother a divorce, divided the marital estate, and entered a permanent parenting plan. Father was not present for the trial. It is undisputed that, on June 15, 2018, Mother's attorney mailed Father notice of the June 22, 2018 trial setting. The notice, however, was mailed to an incorrect address, which Father asserts that Mother knew was no longer his address.

On July 30, 2018, Father filed a "Motion to Set Aside Final Decree and Permanent Parenting Plan and for a New Trial;" he attached his affidavit to the motion. In his motion, Father asserted that: (1) the notice of the final trial setting was not timely; (2) he did not receive notice of the final trial; (3) the notice was sent to an address that Mother knew was not valid for Father; (4) Father has a meritorious defense to the complaint; and (5) Father has a meritorious counter-complaint against Mother for divorce. By order dated November 5, 2018, the trial court denied Father's motion, stating only "[t]he Motion to Set Aside the Final Decree, Parenting Plan and Motion for New Trial is not well taken and as such same is denied." Father appeals.

## II. Issue

The sole issue on appeal is whether the trial court erred in denying Father's "Motion to Set Aside Final Decree and Permanent Parenting Plan and for a New Trial."

## III. Nature of Father's Motion

As an initial procedural issue, it is unclear whether Father's motion falls under Tennessee Rule of Civil Procedure Rule 59 or Rule 60.02. In determining which rule to apply, "courts must consider the substance of a motion," rather than the title. *Fielder v. S. Health Partners*, No. M2014-01819-COA-R3-CV, 2016 WL 399777, at *3 (Tenn. Ct. App. Feb. 1, 2016) (quoting *Tennessee Farmers Mut. Ins. Co. v. Farmer*, 970 S.W.2d 453, 455 (Tenn. 1998)). Although we are cognizant that Father filed his motion within thirty (30) days of the final judgment (a fact that would implicate Rule 59), the substance of his motion and the relief sought therein are more aligned with Rule 60.02, which provides:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or

- 2 -

otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken. . . .

Tenn. R. Civ. P. 60.02. As noted above, Father's motion alleged that the "Notice setting the cause for trial was not timely, not received by [Father] before the trial in this cause, and was sent to an address that [Mother] knew was not a valid address for Father." In the affidavit attached to his motion, Father requested that the trial court set aside the final decree and schedule a new trial. From the content of his motion, we glean that Father was proceeding under Rule 60.02 because his ultimate request was for the trial court to relieve him from the final decree because of lack of notice of the trial setting.

## IV. Standard of Review

Having determined that Father's motion falls under Rule 60.02, we review the trial court's decision to deny the motion under the abuse of discretion standard. *Federated Ins. Co. v. Lethcoe*, 18 S.W.3d 621, 624 (Tenn. 2000); *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993). In *Eldridge v. Eldridge*, 42 S.W.3d 82 (Tenn. 2001), our Supreme Court explained that

> [u]nder the abuse of discretion standard, a trial court's ruling "will be upheld so long as reasonable minds can disagree as to propriety of the decision made." *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000); *State v. Gilliland*, 22 S.W.3d 266, 273 (Tenn. 2000). A trial court abuses its discretion only when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999). The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court. *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998).

*Eldridge*, 42 S.W.3d at 85.

## V. Analysis

In *Obi v. Obi*, No. M2010-00485-COA-R3-CV, 2011 WL 2150733, at *3 (Tenn. Ct. App. June 1, 2011), this Court applied subsections (1) and (5) of Rule 60.02 where a party averred lack of notice of pleadings or hearings. *Id.* As in this case, *Obi* involved a divorce. Husband was originally represented by counsel, but his counsel withdrew before the final trial. *Id.* at *1. For the remainder of the case, wife's attorney mailed husband's notices of pleadings and hearings to an incorrect address where husband never resided.

*Id.* at *2. When husband failed to respond to wife's discovery, the trial court dismissed husband's answer and, after a hearing, granted wife a divorce. *Id.* After the final judgment, husband filed a Rule 60 motion. *Id.* In his motion, husband argued that "he did not reside at the address included in the certificates of service attached to [wife's] court filings after his counsel withdrew from representing him, and that he 'was never served with notice of the proceedings.'" *Id.* The trial court denied his Rule 60 motion, and husband appealed to this Court. *Id.* at *2-3.

In reversing the trial court's denial of husband's Rule 60.02 motion, the *Obi* Court considered two subsections of Rule 60.02—subsection (1) addressing "mistake, inadvertence, surprise or excusable neglect," and subsection (5) allowing relief for "any other reason justifying relief from the operation of the judgment." Tenn. R. Civ. P. 60.02. The *Obi* Court cited the Tennessee Supreme Court's decision in *Henry v. Goins*, 104 S.W.3d 475 (Tenn. 2003). In *Henry*, the trial court, without providing plaintiff notice or opportunity to be heard, dismissed plaintiff's case for failure to prosecute. The *Obi* Court explained that, in the *Henry* case,

> [t]he Supreme Court [clarified] that "[w]hen a party has no notice of a critical step in a court proceeding, the circumstances may make out a case of excusable neglect." *Id.* at 480.

> In determining whether lack of notice constitutes excusable neglect for purposes of Rule 60.02(1), the *Henry* [C]ourt looked to cases involving default judgments and whether courts in those cases set aside default judgments pursuant to Rule 60.02(1) motions. *Id.* at 481. The [C]ourt explained that a dismissal for failure to prosecute is similar to a default judgment because in both situations one party receives a judgment in his or her favor without a hearing on the merits, to the potential detriment of the other party(ies) [sic]. *Id.*

> The [C]ourt described both dismissals for failure to prosecute and default judgments as "drastic sanctions" that are not favored by the courts. *Id.* The *Henry* [C]ourt explained, "[d]ismissals based on procedural grounds like failure to prosecute and default judgments run counter to the judicial system's general objective of disposing of cases on the merits." *Id.* (citing *Childress v. Bennett*, 816 S.W.2d 314, 316 (Tenn. 1991) (courts are reluctant to prevent litigants from having claims adjudicated on the merits) and *Tenn. Dep't of Human Serv. v. Barbee*, 689 S.W.2d 863, 866 (Tenn. 1985) (courts prefer trials on the merits to granting default judgments)); *see also Reynolds v. Battles*, 108 S.W.3d 249, 251 (Tenn. Ct. App. 2003) (courts have a clear preference for deciding a case on the merits rather than pursuant to a default judgment, and thus will construe Rule 60.02 liberally when default judgments are at issue).

- 4 -

The *Henry* [C]ourt explained further:

A request to vacate a default judgment in accordance with Rule 60.02 should be granted if there is reasonable doubt as to the justness of dismissing the case before it can be heard on the merits. . . .

Because of the similarity between default judgments and dismissals, we find instructive those factors that are used to determine if a default judgment should be vacated under Rule 60.02(1). Those factors include: (1) whether the default was willful; (2) whether the defendant has a meritorious defense; and (3) whether the non-defaulting party would be prejudiced if relief were granted.

*Henry*, 104 S.W.3d at 481 (citations omitted). The *Henry* [C]ourt concluded the same factors should apply to cases in which a party is seeking relief from an order of dismissal under Rule 60.02(1). *Id.*; *see Reynolds*, 108 S.W.3d at 251 (court should grant relief pursuant to Rule 60.02(1) if court has any reasonable doubt about whether judgment should be set aside).

*Obi*, 2011 WL 2150733, at *4-5.

Applying the *Henry* factors, the *Obi* Court held that

[a]lthough the judgment in this case is technically not a default judgment since the trial court heard evidence, the effect was the same. The facts we have here are akin to the facts of *Henry*, because like the plaintiffs in *Henry*, [the h]usband was not properly served with notice of [the w]ife's divorce proceedings from the time his attorney withdrew from the case until after the court entered the final judgment granting [the w]ife a divorce. There is no evidence in the record to suggest [the h]usband had independent knowledge of the proceedings after that date. Without notice of [the w]ife's proceedings against him, [the h]usband was unable to defend against [the w]ife's complaint and present evidence to counter [the w]ife's charges against him. Under these circumstances, we conclude that [the h]usband's failure to defend against [the w]ife's complaint was not willful.

We now turn to the second factor to determine whether Husband has a meritorious defense. Husband states in his Rule 60 motion that he is a full-time student, he is not working, and he is collecting unemployment

- 5 -

benefits. This information would be important for the trial court to consider in determining whether Husband should be required to pay any child support, and if so, what the proper amount should be. It does not seem Husband had any input into the Parenting Plan Wife proposed, which the court adopted without making any modifications. The Parenting Plan affects Husband's rights and financial obligations with respect to his children, and he should not be denied the opportunity to present his arguments to the court on these matters.

Finally, Wife has not demonstrated she will be prejudiced by granting Husband's Rule 60 motion as to the parenting arrangement and child support. Just as the Henry [C]ourt concluded the defendants' having to proceed to trial did not constitute prejudice in that case, we conclude Wife's having to prove her case against Husband in a trial where both sides are provided the opportunity to present evidence in his or her favor does not constitute prejudice. *See **Barbee***, 689 S.W.2d at 868 (where defendant's counsel withdrew from case and defendant did not receive notice of trial date, court concluded plaintiff was not prejudiced by having to try its case on the merits).

***Obi***, 2011 WL 2150733, at *5.

Finding guidance from ***Obi***, we now turn to address whether Father is entitled to relief under Tennessee Rule of Civil Procedure 60.02(1). We first consider "whether the default was willful." ***Id.*** at *4 (citing ***Henry***, 104 S.W.3d at 481). While the judgment in our case was technically not a default, the effect was the same. *See **Obi***, 2011 WL 2150733, at *5. Similar to the husband in ***Obi***, Father was not properly served with notice of the final trial on Mother's complaint for divorce. *See **id.*** As noted above, Father filed his affidavit in support of his motion, and from our review of the record, his statements therein are undisputed. In relevant part, Father stated:

1. I am the Defendant in the above-captioned matter.

2. A divorce trial was held in this cause on June 22, 2018.

3. I was not present at the trial of this cause, and did not know about the scheduling for the trial on or before June 22, 2018.

***

6. The notice setting the case was not timely under the Tennessee Rules of Civil Procedure.

7.  The notice was mailed by the Plaintiff's attorney to an address that I no longer use, and the fact that I no longer use that address was known to the Plaintiff, and presumably her attorney, because I called the attorney's office assistant before the notice was sent and provided my correct mailing address.

As in **Obi**, "[w]ithout notice of [Mother's] proceedings against him, [Father] was unable to defend against [Mother's] complaint and present evidence to counter [Mother's] charges against him." **Obi**, 2011 WL 2150733, at *5.  Based on Father's averments, we conclude that his failure to defend against Mother's complaint was not willful.  *See id.*

The second factor for consideration is "whether the defendant has a meritorious defense." **Id.** at *4 (citing **Henry**, 104 S.W.3d at 481).  In his Rule 60 motion, Father averred that he has a meritorious defense against Mother's divorce complaint and would have presented proof in support of his counter-complaint for divorce.  Father's affidavit specifically stated:

4.  I would have been present at the trial of this case, and would have presented a defense to the Complaint filed by the Plaintiff, and would have presented proof in opposition to the Complaint and proof in support of my Counter-Complaint.

5.  I have a meritorious defense to the divorce action, and I have filed a counter-complaint for divorce against [Mother], as shown by the pleadings in this cause and as shown by the record of this proceeding.

***

8.  The provisions of the Final Decree and the Permanent Parenting Plan are not in the best interests of the parties' minor children.

9.  The provisions of the Final De[c]ree is not a fair and equitable division of the parties' property and debts.

10.  I have a meritorious defense to the alimony claim, and I am unable to pay alimony to [Mother].  [Mother] is not entitled to an award of alimony [in] this cause.

From these undisputed statements, Father presumably has a meritorious defense to Mother's complaint for divorce and his own claim for divorce.  Father's rights concerning his children and his financial obligations with respect to his property were adversely affected by the trial court's final order, "and he should not be denied the opportunity to present his arguments to the court on these matters." **Obi**, 2011 WL

2150733, at *5.

We next consider "whether the non-defaulting party would be prejudiced if relief were granted." *Id.* at *4 (citing *Henry*, 104 S.W.3d at 481). Mother has not demonstrated that she would be prejudiced by the trial court granting Father's Rule 60 motion. *See Obi*, 2011 WL 2150733, at *5. Mother filed no response to Father's motion and provided no proof to refute Father's allegations concerning his lack of notice. "Just as the *Henry* [C]ourt concluded [that] the defendants' having to proceed to trial did not constitute prejudice in that case, we conclude [Mother's] having to prove her case against [Father] in a trial where both sides are provided the opportunity to present evidence in his or her favor does not constitute prejudice." *Id.* (citing *Barbee*, 689 S.W.2d at 868 (where defendant's counsel withdrew from case and defendant did not receive notice of trial date, court concluded plaintiff was not prejudiced by having to try its case on the merits)).

Finally, in her appellate brief, Mother concedes that Father did not receive adequate notice, to-wit:

> [Mother] concedes [Father]'s issue concerning notice. Under the facts of the case the notice was mailed to [Father] on Friday, June 15th for a hearing set for Friday, June 22nd. Based on [Father]'s brief [Mother] takes no issue with the argument stated by Appellant concerning timeliness of the notice.

It is well settled that "all parties to litigation are entitled to receive notice of important hearings and other proceedings; due process requires it." *Bryant v. Edwards*, 707 S.W.2d 868, 870 (Tenn. 1986); *see also* Tenn. R. Civ. Pro. 40. Further, "whe[n] there is a reasonable doubt as to whether a [final] judgment should be set aside . . . the court should exercise its discretion in favor of granting the application so as to permit a determination of the cause upon the merits." *Obi*, 2011 WL 2150733, at *6 (quoting *Melton v. Bowman*, No. M2000-02960-WC-R3-CV, 2001 WL 950008, at *3 (Tenn. Workers Comp. Panel Aug. 20, 2001)).[1] Based on the foregoing, we conclude that the trial court erred in denying Father's motion. Having determined that Father was entitled to relief under Rule 60.02(1), we pretermit discussion of whether he is also entitled to relief under Rule 60.02(5). *Obi*, 2011 WL 2150733, at *6.

## VI. Conclusion

Because Father was entitled to relief under Tennessee Rule of Civil Procedure 60.02(1), we vacate the trial court's final order of divorce. We remand the case for such further proceedings as may be necessary and are consistent with this Opinion. Costs of

---

[1] We note that *Melton v. Bowman* was a Special Workers' Compensation Appeals Panel case, which was designated as "not for publication" under Tennessee Supreme Court Rule 4.

the appeal are assessed against Appellee, Kristin Marie Miclaus, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE